Statement of Facts.


GEO. F. LASHER v. H. D. STIMSON.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
NO. 2 OF PHILADELPHIA COUNTY.

Argued January 23, 1891—Decided February 8, 1892.
[To be reported.]

1. Any person assuming to act in this state as agent for a foreign corporation, must be considered as having knowledge of its powers and their limitations, and whether it has conformed to the requirements of the act of April 22, 1874, P. L. 108, requiring its registry in the office of the secretary of the commonwealth, to entitle it to do business here.

(a) The plaintiff did work and furnished goods to and on the credit of a foreign manufacturing company, upon the order of the defendant assuming to represent it as its agent in this state. The company was a corporation, but had not complied with said act. That it was a foreign corporation, or a corporation at all, was unknown to the plaintiff:

2. The company could not authorize the defendant to do business for it in this state, and he must be held cognizant of its incapacity. Assuming to act for the company in this state, knowing that he was not authorized to do so, the defendant became personally liable to the plaintiff with whom he dealt for or on account of his principal.

3. Moreover, the liability of the defendant is not limited to the penalty prescribed by § 3 of the act of 1874. The penalty for acting as the agent of a foreign corporation not complying with the provisions of the act, is not in lieu of, but in addition to his common-law responsibility to the person with whom he unlawfully dealt.


Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 176 July Term 1890, Sup. Ct.; court below, No. 816 December Term 1888, C. P. No. 2.


On January 11, 1889, George F. Lasher brought assumpsit against H. D. Stimson. Issue.

At the trial, on May 13, 1890, the jury returned a special verdict as follows:

" The plaintiff, upon the order of the defendant, who professed to be acting on behalf of the Sudsena Manufacturing Co., furnished in accordance with said order certain goods and did certain work between February 10, 1888, and June 12th of

the same year.   The value of the goods and work was $299.55.
The goods and work were charged on the plaintiff's books to
the Sudsena Manufacturing Company.   The plaintiff was paid
on account of his bill $100, and was, on August 10th, given
two notes signed "Sudsena Manufacturing Co., H. D. Stimson,
Treasurer," one for $100, and one for $99.55, both of which
notes are overdue and unpaid.

"The Sudsena Manufacturing Co. was a corporation, not of
this commonwealth, but organized under the laws of New Jer-
sey, and had not complied with the provisions of the act of
assembly of April 22, 1874, but was nevertheless carrying on
the business of the manufacture and sale of soap or washing
compound within the state of Pennsylvania.

"The bill-heads of the said company, which were printed by
the plaintiff on the defendant's order as for the Sudsena Man-
ufacturing Co., were as follows: 'H. D. Stimson, President; Jas.
Longwell, Secretary; Philadelphia, 188–.   Bought of Sudsena
Manufacturing Co., 939 and 941 Front street.   Terms, ——;'
and the letter-heads, also printed by the plaintiff on defendant's
order: 'H. D. Stimson, President; Jas. Longwell, Secretary.
Office of Sudsena Manufacturing Co., manufacturers of Sud-
sena Washing Compound, Stimson's Cotton Softener, Stimson's
Satine Size, 939 and 941 North Front street, Philadelphia,
188–.'

"The said headings, and the notes and checks outstanding,
the words 'Sudsena Manufacturing Co., H. D. Stimson, Treas-
urer,' were the only notice had by the plaintiff of the charac-
ter of the Sudsena Manufacturing Co., and he was not informed
that the said company was a corporation of the state of New
Jersey; or that it was a corporation at all.

"Subject to the opinion of the court whether on the facts
above found the plaintiff is entitled to recover, the jury finds a
verdict for the plaintiff and assesses the damages at $222.49."

A motion for judgment for the defendant, non obstante vere-
dicto, having been argued, the court, on June 12, 1890, entered
judgment for the defendant, on the special verdict.   There-
upon, the plaintiff took this appeal, specifying that the court
erred in not entering judgment for the plaintiff for the amount
found by the jury, and in entering judgment for the defendant.

*Mr. Henry Budd*, for the appellant:

1. A corporation is limited as to its existence of right, and its power to transact business, to the territorial limits of the sovereignty creating it. This arises from the very nature of sovereignty, which alone can create an artificial person, and is duly limited by its own territorial boundaries: Bank of Augusta v. Earle, 13 Pet. 519; Ohio etc. R. Co. v. Wheeler, 1 Black 286; Tioga R. Co. v. Railroad Co., 20 Wall. 137; Chicago etc. R. Co. v. Whitton, 13 Wall. 270; Home Ins. Co. v. Morse, 20 Wall. 445. This being the case, when a corporation exercises power in the transaction of business outside the territorial limits of the sovereignty creating it, such exercise is a matter of comity only: Paul v. Virginia, 8 Wall. 168; Lafayette Ins. Co. v. French, 18 How. 407. And the state which permits a foreign corporation to exercise power, or carry on business within its borders, may make its permission conditional, and say upon what terms it will recognize the existence of the corporation within its boundaries: Lafayette Ins. Co. v. French, 18 How. 407; Paul v. Virginia, 8 Wall. 168; Ducat v. Chicago, 10 Wall. 410; Balt. etc. R. Co. v. Koontz, 104 U. S. 5.

2. It results from this, that where a condition of doing business has been ordained by a state and has not been complied with by a foreign corporation, such corporation is, as to such state, without power to do business, and is non-existent: In re Comstock, 3 Sawy. 219; Semple v. Bank of Brit. Columb., 5 Sawy. 88. The act of April 22, 1874, P. L. 108, in the most positive terms forbids any foreign corporation to do any business whatever within the state, until it has complied with the act. And it will not do to argue that because the third section of the act imposes a penalty upon agents or employees of the corporation for transacting business for it, therefore the act is to be confined in effect to the imposition of the penalty: Ætna Ins. Co. v. Harvey, 11 Wis. 395. And so held in our own state: Mitchell v. Smith, 4 Dall. 269. The state can enforce a penalty against the agent, because he is within her reach. She cannot punish the corporation itself, because, until it has complied with the law, she does not recognize its existence within the commonwealth, and it is not within her jurisdiction; but she can prevent it from carrying on business, by simply

declining to recognize actions nominally brought on the part of the corporation.

3. It follows, also, that as the Sudsena company had not complied with the statute, it was as to this state non-existent, and the defendant, in this case, although assuming to contract as an agent, was an agent who had no principal, or was exercising an authority which he assumed he had, but in reality had not. Wherefore, the plaintiff, having dealt with him and furnished goods to him on his order, can recover from him personally; and this, irrespective of whether the defendant made any specific fraudulent representation as to his authority or not. In either case, he was not legally an authorized agent, and, not being an agent, and having made purchases, he is liable for the purchase money: Smout v. Ilbery, 10 M. & W. 1; Randall v. Trimen, 18 C. B. 786; West London Bank v. Kitson, L. R. 12 Q. B. 157; McConn v. Lady, 10 W. N. 493; Kroeger v. Pitcairn, 101 Pa. 311. It is to be remembered that this is not an attempt to hold a stockholder for a corporate debt. The person sought to be charged is the actual contractor.

*Mr. J. Martin Rommel* (with him *Mr. James M. West*), for the appellee:

1. The object of the legislature in enacting statutes such as the act of April 22, 1874, is only "to protect parties dealing with these companies from imposition, and to secure convenient means of obtaining jurisdiction in the local courts:" Morawetz on Corp., § 748. Such being the case, and the legislature having imposed a penalty on all persons violating the said act, it must be construed strictly with this end in view; for, where it has been intended that neglect to comply with statutory requirements shall be followed by personal responsibility, it has been so said in express terms: Act of June 2, 1874, P. L. 271, as to partnerships limited; act of July 18, 1863, P. L. [1864] 1102, as to trading companies; act of March 21, 1836, P. L. 143, as to limited partnerships.

2. It is not denied that in making the contract with the plaintiff the defendant did an act which was unlawful and contrary to the provisions of the act of 1874, "but it does not follow that the unlawfulness of the act was meant by the legislature to avoid a contract made in contravention of it:" Harris v.

Runnels, 12 How. 79; Wood v. Caldwell, 54 Ind. 270; Clark v. Middleton, 18 Mo. 229. And the failure to file the certificate as required by the act, does not affect the capacity of the corporation to sue and be sued, and the plaintiff in the present case might have proceeded against the Sudsena company: Holmes Co. v. Barnard, (C. P.), 15 W. N. 110; Hagerman v. Empire Slate Co., 97 Pa. 536; Thorne v. Insurance Co., 80 Pa. 28. The plaintiff has therefore suffered no possible injury or loss, by reason of the non-registry of the Sudsena company.

3. Further; the plaintiff had dealt with the company as a corporation, and it does not now lie in his power, in the absence of fraud, to deny its existence: Wood's Fields on Corp., § 349; Dutchess Mfg. v. Davis, 14 Johns. 244. The state alone can take advantage of a corporation's want of capacity: Cochran v. Arnold, 58 Pa. 399; Goundie v. Water Co., 7 Pa. 233; Morawetz on Corp., § 748. And it cannot be pretended by the plaintiff that he did not have actual notice that the Sudsena Manufacturing Co. was a corporation, because the fact of an aggregate body being called by a name is prima-facie evidence of incorporation, for the name argues a corporation: Grant on Corp., 62.

OPINION, MR. JUSTICE McCOLLUM:

The Sudsena Manufacturing Company is a foreign corporation and the act of April 22, 1874, P. L. 108, prescribes the terms on which it may engage in business in Pennsylvania. Compliance with these is a condition precedent to its recognition and legal existence therein. It cannot, by virtue of its charter, exercise its functions beyond the territorial limits of the sovereignty which created it. It cannot transact business in other states or sovereignties without their consent expressed or implied. Any person who assumes to act for it must be considered as having knowledge of its powers and their limitations, and whether it has conformed to the requirements of the jurisdiction in which he proposes to represent it. If he does business for it here, in violation of the conditions prescribed, he commits an offence which is punishable by fine and imprisonment.

The right of the state to dictate the terms on which a foreign corporation shall be permitted to transact business within its jurisdiction, cannot be doubted, if the conditions imposed " are

not repugnant to the constitution of the United States, or inconsistent with those rules of public law which secure the jurisdiction and authority of each state from encroachment by all others, or that principle of natural justice which forbids condemnation without opportunity for defence :" Lafayette Ins. Co. v. French, 18 How. 407. There is nothing oppressive or unreasonable in our statute relating to this subject. In the first section thereof it is provided that, " no foreign corporation shall do any business in this commonwealth, until said corporation shall have established an office or offices and appointed an agent or agents for the transaction of its business therein." In the second section of the act it is declared that, " it shall not be lawful for any such corporation to do any business in the commonwealth, until it shall have filed in the office of the secretary of the commonwealth a statement, under the seal of said corporation, signed by the president and secretary thereof, showing the title and object of said corporation, the location of its office or offices, and the name or names of its authorized agent or agents therein ; and the certificate of the secretary of the commonwealth, under the seal of the commonwealth, of the filing of such statement, shall be preserved for public inspection by each of said agents in each and every of said offices." These terms are not onerous, or in conflict with any constitutional provision or rule of public policy. But they are clearly prohibitory, and they indelibly stamp as unlawful any business transaction within the state, by a foreign corporation which has not complied with them. It is only by its observance of them that it can have a legal existence for business purposes within this jurisdiction, or acquire contractual rights which our courts will recognize : Thorne v. Insurance Co., 80 Pa. 15.

In the case at bar, the appellee, assuming to represent the Sudsena Manufacturing Company, directed the appellant to do certain work for, and furnish certain goods to the company on its credit. The appellant complied with the direction given, and did work and furnished goods under it to the amount of $299.55. It is ascertained by the special verdict that the Sudsena company had not complied with the provisions of the act of assembly of April 22, 1874, but " was nevertheless carrying on the business of the manufacture and sale of soap or washing compound within the state of Pennsylvania," and that the ap-

Opinion of the Court.

pellant was not informed that the company was a foreign corporation, " or that it was a corporation at all." The appellant is a citizen of this state, and the business transaction, which is the subject of this suit, was within it. The question is, whether upon the facts found by the special verdict the appellee is liable for the value of the work done and goods furnished on his order on behalf of the Sudsena company.

It is clear that the company could not authorize him to do business for it in this state, and that he must be regarded as cognizant of its non-compliance with the terms prescribed by our statute, and of its consequent incapacity. When a person assumes to act for another, knowing that he is not authorized to do so, he becomes personally liable to the party with whom he deals for or on account of his alleged principal. This doctrine is so familiar and well established that citation of authority for it is unnecessary. We think the case before us falls clearly within this principle. The appellant was not charged with the duty of inquiring whether the Sudsena company was a foreign corporation, and if so, whether it had complied with the laws which allowed it to transact business here, when, as the special verdict finds, he did not know " that it was a corporation at all. " A citizen of this state who has a business transaction with another as agent of a foreign corporation, may rely on the representation of the agent as to his authority, without releasing him from his common-law liability as principal, if it turns out that his action was unauthorized. In other words, his failure to make search in the office of the secretary of the commonwealth, for the statement which the corporation ought to file there, will not inure to the benefit of the person who falsely pretended that he was its duly constituted agent. We think that as the appellee acted without authority from the Sudsena company, and it was non-existent as to Pennsylvania, he is clearly liable to the appellant for the work done and goods furnished on his order while professedly acting in its behalf.

We find nothing in Hagerman v. Empire Slate Co., 97 Pa. 534, in conflict with this conclusion. The question in that case related to the service of a writ on the agent of a foreign corporation, and had no reference to the power of the corporation to appoint agents for the transaction of business in this state.

Nor do we discover any merit in the appellee's contention

Opinion of the Court.

that his liability is measured by the penalty prescribed by the act of 1874. The penalty is not in lieu of, but in addition to his common-law responsibility to the person with whom he dealt.

We are unable to detect anything in the conduct or knowledge of the appellant which estops him from asserting his claim against the appellee. The work was done and the goods were furnished by him, in reliance on the appellee's representation that he was authorized to act for the Sudsena company. This representation was untrue; and he may properly look to the party who made it, for the value of the work done and goods furnished on the faith of it.

> Judgment reversed; and judgment is now entered on the verdict in favor of the plaintiff and against the defendant for $222.49, with interest thereon from June 12, 1890.