### McCANNA & FRASER CO. *v.* CITIZENS' TRUST & SURETY CO. OF PHILADELPHIA.

(Circuit Court, E. D. Pennsylvania.   May 22, 1896.)

No. 28.

FOREIGN CORPORATIONS—CONDITIONS OF DOING BUSINESS IN STATE—INABILITY TO ACQUIRE CONTRACTUAL RIGHTS.

Where a foreign corporation has not complied with the provisions of the Pennsylvania statute (Act April 22, 1874) making registration in the office of the secretary of the commonwealth a condition precedent to transacting business in that state, there can be no recovery by it in a suit upon a bond conditioned for the faithful performance of the duty of an agent appointed by it to transact its business in that state.   Thorne v. Insurance Co., 80 Pa. St. 15; Lasher v. Stimson, 145 Pa. St. 30, 23 Atl. 552; Johnson v. Hulings, 103 Pa. St. 498.

This suit was on a surety bond given by the defendant, the Citizens' Trust & Surety Company, of Philadelphia, to the plaintiff, the McCanna & Fraser Company, a corporation of the state of Wisconsin.   The bond recited that the plaintiff had appointed as its manager at Philadelphia one S. Ridgway Kennedy, and that the said defendant covenanted to make good and reimburse the plaintiff to the extent of $7,000 for such pecuniary loss, if any, which might be sustained by the plaintiff by reason of the dishonesty of the said employé amounting to embezzlement or larceny in connection with his duty as manager of the plaintiff's business.   Upon the trial the defendant introduced evidence to show that the plaintiff had not complied with the provisions of the second section of the act of assembly of the state of Pennsylvania of 22d April, 1874, requiring every foreign corporation doing business in said state to file in the office of the secretary of the commonwealth a statement under the seal of said corporation showing certain facts as to the location of its agency, names of officers, etc.   This evidence being uncontradicted, the court instructed the jury to find for the defendant.   The plaintiff now moves for a new trial.

John W. Shortledge, for plaintiff.

David Jay Myers, Jr., for defendant.

ACHESON, Circuit Judge.   The act of April 22, 1874 (P. L. 108), was considered by the supreme court of Pennsylvania in Lasher v. Stimson, 145 Pa. St. 30, 35, 23 Atl. 552.   After quoting the first and second sections of the act, the court said:

"These terms are not onerous, or in conflict with any constitutional provision or rule of public policy. But they are clearly prohibitory, and they indelibly stamp as unlawful any business transaction within the state by a foreign corporation which has not complied with them. It is only by its observance of them that it can have a legal existence for business purposes within this jurisdiction, or acquire contractual rights which our courts will recognize. ' Thorne v. Insurance Co., 80 Pa. St. 15."

It will be observed that the court, in its construction of this act, adopts the principles of the case of Thorne v. Insurance Co., 80 Pa. St. 15, in which it was held that, where a foreign insurance company had not complied with the act under which alone it was authorized to transact business in Pennsylvania, there could be no recovery by the company upon a bond given by its agent, with sureties, conditioned for paying over moneys of the company received by him. These authorities, to which may be added Johnson v. Hulings, 103 Pa. St. 498, seem to be decisive of the present case. I am altogether unable to find any valid ground of distinction between the case in hand and the cases above cited. Moreover, the Pennsylvania decisions are in harmony with the rule of law established by the decisions of the supreme court of the United States. Miller v. Ammon, 145 U. S. 421, 12 Sup. Ct. 884. The motion for a new trial is denied.