## Bond, Appellant, v. Stoughton.

*Corporations—Foreign corporations—Registration—Parties—Act of April 22, 1874, P. L. 108.*

The directors and stockholders of a foreign corporation doing business in Pennsylvania without having registered in the manner provided by the act of April 22, 1874, are not by reason of the failure to register, liable as copartners for debts contracted in the corporate name within the state of Pennsylvania.

Argued Oct. 7, 1904. Appeal, No. 58, Oct. T., 1904, by plaintiff, from order of C. P. No. 5, Phila. Co., Sept. T., 1903, No. 1658, discharging rule for judgment for want of a sufficient affidavit of defense in case of Charles Bond, Augustus B. Stoughton and Frank E. Frend, who were sued with Elbert A. Corbin, Elbert A. Corbin, Jr., and George H. Jones, trading as Jones-Corbin Company. Before RICE, P. J., BEAVER, SMITH, PORTER and MORRISON, JJ. Affirmed.

Assumpsit for goods sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense.

The material averments of the statement of claim and the affidavit of defense are set forth in the opinion of the Superior Court.

The court discharged the rule for judgment.

*Error assigned* was the order of the court.

*George J. Edwards, Jr.*, with him *Franklin L. Lyle*, for appellant.—A corporation is an artificial being, dependent for its

existence upon the laws of the state in which it was created; and as the laws of the state of its creation have no extraterritorial effect, it logically follows that a corporation can have no extraterritorial existence. " It cannot by virtue of its charter exercise its functions beyond the territorial limits of the sovereignty which created it."

The foreign corporation can only come within the state as a corporate body by compliance with statutory requirements: Ins. Co. v. French, 59 U. S. 404; Paul v. Virginia, 75 U. S. 168; Lasher v. Stimson, 145 Pa. 30.

Where corporate existence has not been attained, the authorities agree that the persons thus associated must be held to partnership liability : Guckert v. Hacke, 159 Pa. 303; Eaton v. Walker, 76 Mich. 579 (43 N. W. Repr. 638); Davis v. Stevens, 104 Fed. Repr. 235; In re Mendenhall, 17 Fed. Cas. 10; Kaiser v. Bank, 56 Iowa, 104 (8 N. W. Repr. 772); Taylor v. Branham, 17 So. Repr. 552.

*Henry P. Brown,* for appellees.—Stockholders and directors of a corporation which is legally constituted under the laws of another state, will not incur the liability of partners in Pennsylvania merely through failure of the corporation to comply with the Pennsylvania laws relating to the registration of such foreign corporation in this state : Taylor v. Branham, 17 So. Repr. 552; Merrick v. Van Santvoord, 34 N. Y. 208; Demarest v. Flack, 128 N. Y. 205 (28 N. E. Repr. 645); Lasher v. Stimson, 145 Pa. 30.

OPINION BY MORRISON, J., November 21, 1904:

This is an appeal by the plaintiff from the judgment of the court below discharging his rule for judgment for want of a sufficient affidavit of defense.

The plaintiff avers that the Jones-Corbin Company was duly incorporated and organized in February, 1903, under the laws of West Virginia; that said company from February 26, 1903, to August 5, 1903, maintained its principal office and factory in the city of Philadelphia and was during that time engaged in business in the commonwealth of Pennsylvania without having complied with the provisions of the Act of April 22, 1874, P. L. 108; that by reason of the failure of the

said corporation to comply with said act it had no corporate existence in the state of Pennsylvania; that the defendants were and are stockholders in and directors of, the said corporation at the time and times the merchandise set forth in the plaintiff's declaration was sold to the defendants and by reason of the facts before set forth, the said defendants became and are jointly and severally liable as copartners.

The affidavit of defense avers that the Jones-Corbin Company was a corporation duly incorporated under the laws of the state of West Virginia and the defendants named in the statement were incorporators and stockholders thereof.    The defendants deny that they incurred any liability either personally or in connection with the persons named, as defendants for the payment to the plaintiff for the merchandise sold by him to the said corporation by reason of its failure to comply with the said act of April 22, 1874; that the defendants are not by reason thereof, jointly and severally liable with the other defendants named in the statement as copartners.    The defendants also deny that the goods for which this action is brought were sold or delivered on contract made by them or their agent; also deny the delivery of said goods by the plaintiff to the defendants, but if a delivery of the goods was made, by the plaintiff, it was made to the Jones-Corbin Company, a corporation, and not to the defendants.

It must be conceded that under our act of April 22, 1874, this foreign corporation was not entitled to transact business in Pennsylvania without first complying with the provisions of that act.    However, it did engage in business in violation of said act and for this reason alone the learned counsel for the plaintiff contends that all of the directors and stockholders of the corporation became copartners and therefore jointly and severally liable, to the plaintiff, for the value of the goods which he sold and delivered to the corporation, at its manufactory and place of business in the city of Philadelphia.    There is no contention that the defendants were, in fact, copartners, nor that they held themselves out as such.    It is not contended that there was any failure to lawfully incorporate and organize the Jones-Corbin Company in West Virginia.    Without our act of April 22, 1874, and our constitutional provision upon which it rests, the stockholders of a duly incorporated foreign corpora-

tion would not incur any personal liability by reason of such corporation engaging in business in Pennsylvania. The act of April 22, 1874, does not impose upon stockholders of a foreign corporation violating its provisions, the penalty of thereby becoming copartners.

It must be conceded that such persons as actually engaged in business in this state, and purchased and received goods as partners, or by holding themselves out as such, or as agents of a corporation which was violating the act of 1874, might become personally liable for the payment for such goods, even though they were in fact stockholders or directors of a corporation and carried on the business in its name: Lasher v. Stimson, 145 Pa. 30.

The affidavits of defense, by the appellees, squarely deny the copartnership and the purchase and the receipt of the goods, by the defendants or their agent; and it goes still further and avers that "if a delivery of the goods was made by the plaintiff, it was made to the Jones-Corbin Company, a corporation and not to the deponents."

Counsel for the plaintiff cites and relies upon Guckert v. Hacke, 159 Pa. 303. But we do not think that case rules our question. It decides, in effect, that persons attempting to incorporate under the Act of April 29, 1874, P. L. 77, by failing to comply with certain provisions of the act will render themselves personally liable to persons who deal with them without knowledge of the corporation. We think it quite clear that an error has crept into the report of that case and that the act referred to is April 29, 1874, P. L. 73. There is no Act of April 29, 1874, P. L. 77, upon this subject.

In that case Chief Justice STERRETT said : " It is essential to the creation of a corporation under an enabling statute, that all material provisions should be substantially followed; and exemption from personal liability being one of the chief characteristics distinguishing corporations from partnerships and unincorporated joint stock companies, it follows that those who transact business upon the strength of an organization which is materially defective are individually liable, as partners, to those with whom they have dealt." Again the learned judge says : " It is plain even from a cursory reading of the Act of April 29, 1874, P. L. 73 (evidently meaning April 29,

1874, P. L. 73), that recording of the certificate in the office for the recording of deeds, in and for the county where the chief operations are to be carried on, was intended to be made one of the conditions precedent to corporate existence. . . . Failure to record was failure to comply with one of the express conditions of incorporation and consequently of exemption from liability."

. "It may be conceded that had plaintiff dealt with defendants as a corporation he would have been estopped from claiming against them in any other capacity, even though they failed to record their charter: Spahr v. Bank, 94 Pa. 429."

It is clear that the reason of the personal liability in that case is the failure to incorporate. And therefore, the case is distinguishable from the one under consideration because the plaintiff does not allege nor contend that the Jones-Corbin Company was not legally incorporated and organized in West Virginia.

Lasher v. Stimson, 145 Pa. 30, is also cited and relied upon by the plaintiff. But that case simply rules that one transacting business within this state as the agent of a foreign corporation which had not complied with the provisions of the act of April 22, 1874, becomes personally liable to the plaintiff, who did work and furnished goods, on the credit of the foreign corporation, on the order of the defendant assuming to represent it, as its agent. This, for the reason, that such foreign corporation was without power to appoint an agent in this state; and the agent, or the person assuming to be such agent, must be held to have knowledge of its incapacity, therefore he becomes personally liable to the plaintiff for the work done and the goods furnished upon his request. This doctrine does not reach our question.

The plaintiff also cites and seems to have much confidence in Taylor v. Branham, 17 So. Repr. 552. In that case the corporation was chartered in Tennessee but it proceeded to organize and do business in Florida without complying with the law of that state and the stockholders were held liable as copartners. The distinguishing feature in that case seems to be overlooked in the argument of plaintiff's counsel. While there was an incorporation in Tennessee the opinion of the court plainly states that the incorporators came to Florida and

organized there, by electing a board of directors and a presi-
dent and general manager, without becoming incorporated
under Florida laws. We have not a very satisfactory report
of that case. It may be based upon the fact of the attempted
organization in violation of the laws of Florida. Again, it may
be based upon some statutory provision. But be that as it
may, we are not disposed to hold that it rules the question un-
der consideration in this state.

An interesting and thorough discussion of this subject will
be found in Merrick v. Van Santvoord, 34 N. Y. 208. In that
case a successful attempt was made, in the court below, to hold
a stockholder of a Connecticut corporation, doing business in
the state of New York, individually liable on practically the
same ground contended for by the plaintiff in the present case.
The court of appeals of New York, in an opinion too long to
be quoted here, reversed the judgment. In that opinion we
find the following : " To connect the defendant with the lia-
bility, the court below found it necessary to hold, in sub-
stance : 1. That there was such a corporation as the Steam
Navigation Company, to the end that he might be bound as a
shareholder by the corporate acts of its officers.    2. That
there was no such corporation, to the end, that he might be
held responsible as a partner for debts contracted and for torts
committed, by other persons assuming to act in its name."

The opinion then discusses the question of holding a stock-
holder of a foreign corporation personally liable on the sole
ground that the corporation was engaged in business in the
state of New York, and the conclusion reached that being a
stockholder of the Connecticut corporation gave him immunity
from personal liability for the debts or torts of the corpora-
tion, unless by force of some statute depriving him of his ex-
emption. And the court holds that this would be so, even if
the charter had been silent on that question.

It does not appear that the Connecticut corporation had
complied with the laws of New York requiring it to take out
a license, etc., before engaging in business in that state. That
case is the most satisfactory discussion and decision of the
question raised before us that we have been able to find. It
is undoubtedly the law in the state of New York and we
know of no such distinction between the laws and public

policy of that state and our own as to indicate a different rule here.

Many other cases have been cited, examined and considered but we find in none of them sufficient authority for holding the court below in error in refusing the plaintiff judgment on the issue of law raised by the declaration and affidavits of defense.

The assignments of error are dismissed and the appeal is dismissed without prejudice at costs of appellant.