Bala Corporation, Appellant, *v.* McGlinn et al.

Argued November 28, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Lewis M. Stevens,* of *Stradley, Ronon, Stevens & Denby,* for appellant.—Persons who represent themselves as officers and agents of a company, which is an unregistered foreign corporation, are personally liable on a contract consummated by them in the name of the unregistered foreign corporation: Lasher v. Stimson, 145 Pa. 30; Raff v. Isman, 235 Pa. 347; Bond v. Stough-

ton, 26 Pa. Superior Ct. 483; Stephenson v. Dodson, 36 Pa. Superior Ct. 343; Stoner v. Phillipi, 41 Pa. Superior Ct. 118; Raff v. Isman, 235 Pa. 347; Consolidated Cigar Corp. v. Corbin, 285 Pa. 273.

*Owen J. Roberts,* with him *Frank H. Warner,* for Hiram Srenco and John McGlinn and R. M. Pearce, appellees.—No case in Pennsylvania, where the facts are parallel to those at bar, has ever held an officer or agent liable on the corporation's contract.

Plaintiff cannot succeed on the theory that officers or stockholders of a nonregistered foreign corporation are liable on its contracts: Stephenson v. Dodson, 36 Pa. Superior Ct. 343; Bond v. Stoughton, 26 Pa. Superior Ct. 483.

Plaintiff having dealt with the corporation is estopped from denying its corporate existence or from holding its officers or incorporators individually liable: Hopkins v. Mehaffey, 11 S. & R. 126; Johnston v. Assn., 104 Pa. 394; Guckert v. Hacke, 159 Pa. 303; Peerless Oil Co. v. Michaels, 8 D. & C. 383.

McGlinn was in no sense the agent of the corporation in making the agreement: Hopkins v. Mehaffey, 11 S. & R. 126.

OPINION BY MR. JUSTICE WALLING, January 7, 1929:

Plaintiff, the Bala Corporation, chartered in Delaware, was duly authorized to do business in Pennsylvania and engaged, inter alia, in the erection of apartment houses in or near Philadelphia. As such, early in the year 1925, it undertook the erection of a coöperative apartment house at No. 32 Conshohocken Road, Bala, Montgomery County. On July 7, 1925, the Merrill Realty Corporation, a Delaware corporation, with offices at 312 South Broad Street, Philadelphia, by written contract and for a valuable consideration, agreed to procure a person who would loan the Bala Corporation two hundred and eighty-five thousand dollars on the security of

the apartment house when completed, and also agreed to procure a building and loan association willing to lend an additional one hundred and ten thousand dollars on a second mortgage. The Merrill Realty Corporation failed to fulfil this agreement, which resulted in a sheriff's sale of the apartment house, to the plaintiff's alleged loss of $152,220. The contract was made and executed in the name of the Merrill Realty Corporation by its proper officers, but inasmuch as it had not then been registered with the secretary of the Commonwealth of Pennsylvania, plaintiff brought this suit against such officers, claiming a personal and joint liability of Hiram Srenco and R. M. Pearce who executed the contract, and of John McGlinn, president of the corporation. Affidavits of defense raising questions of law were filed pursuant to section 20 of the Practice Act of May 14, 1915, P. L. 483, 486. Thereupon the trial court entered judgment for the defendants and plaintiff has appealed.

In our opinion the judgment was rightly entered. Section 5 of article XVI of the state Constitution reads, "No foreign corporation shall do any business in this State without having one or more known places of business and an authorized agent or agents in the same upon whom process may be served." This had been complied with, but not the provision of section 2 of the Act of June 8, 1911, P. L. 710, which states, inter alia, that, "Every such foreign corporation, before doing any business in this Commonwealth, shall appoint, in writing, the secretary of the Commonwealth and his successor in office to be its true and lawful attorney and authorized agent, upon whom all lawful processes in any action or proceeding against it may be served." Section 4 of this act, however, provides, inter alia, "That the failure of any such corporation to file the power of attorney and statement aforesaid, with the secretary of the Commonwealth, shall not impair or affect the validity of any contract with such corporation, and actions or proceedings at law or in equity may be instituted and

maintained on any such contract; but no such action shall be instituted or recovery had by any such corporation, on any such contract, either expressed or implied, in any of the courts of this Commonwealth, or before any justice of the peace or magistrate thereof, until such corporation complies with the provisions of this act." This expressly repeals the Act of April 22, 1874, P. L. 108, and somewhat modifies the status of an unregistered foreign corporation, validating its contracts, subjecting it to suit in this State, also enabling it to sue here upon compliance with the statute.

While plaintiff denies knowledge of the fact that the Merrill Realty Corporation was not registered, it knew the contract was with the corporation, and, under the Act of 1911, was not prejudiced by its failure to register. Plaintiff, having knowingly dealt with the corporation as such and having full right of action against it, there is no reason why the officers, who are charged neither with fraud nor falsehood, should be held individually liable. The cases where such liability has been sustained were under the Act of 1874 and are based largely upon the fact that the plaintiffs contracted with individuals and were ignorant of a corporate existence. For example, in the case of Lasher v. Stimson, 145 Pa. 30, the jury found as a fact, "that the appellant was not informed that the company was a foreign corporation, 'or that it was a corporation at all.'" While in Guckert v. Hacke et al., 159 Pa. 303, 307, the opinion states: "It is not pretended that he [plaintiff] had any knowledge of the existence of the charter; and there was certainly nothing, either in the name under which they did business or in their conduct, which should have put him upon inquiry. In these circumstances he was amply justified in dealing with them as partners"; and in Raff v. Isman, 235 Pa. 347, 350, it is stated: "It does not appear that, when the appellee entered into the contract, or at any time during its performance, he knew that the principal for whom Isman, the appellant, had

assumed to act, was a corporation, much less a foreign one, incapable of transacting business in this State. On the contrary, his uncontradicted testimony is that he did not learn that the Hepner Hair Emporium Company was a corporation until the latter part of June, 1908— more than six months after he had performed his contract and received the final certificate of the architects as to the amount due him." And see Stoner v. Phillipi, 41 Pa. Superior Ct. 118.

Furthermore, it is a general rule that one who deals with a corporation, knowing it to be such, cannot enforce an individual liability against the officers or agents who act for the corporation. In Guckert v. Hacke et al., supra (p. 307), Mr. Chief Justice STERRETT, speaking for the court, says, "It may be conceded that, had plaintiff dealt with defendants as a corporation, he would have been estopped from claiming against them in any other capacity, even though they failed to record their charter: Spahr v. Bank, 94 Pa. 429." This was quoted with approval and followed in Bond v. Stoughton, 26 Pa. Superior Ct. 483, 487, and also in a very exhaustive opinion by the late Judge BARBER in Peerless Oil Co. v. Michaels et al., 8 Pa. D. & C. 383, 388. While in N. Y., etc., Bank v. Crowell, 177 Pa. 313, 323, the lack of notice of the corporate existence is relied upon on the question of personal liability. "Whenever a corporation makes a contract, it is the contract of the legal entity of the artificial being created by the charter, and not the contract of the individual members": The Bank of Augusta v. Earl, 13 Peters 587, cited and followed in Merrick v. Van Santvoord, 34 N. Y. 208, 212 and see Hopkins v. Mehaffey, 11 S. & R. 126. Pittsburgh C. Co. v. W. S. B. R. R. Co., 232 Pa. 578, 587, while not directly in point, is cited by and tends to support the conclusion of the trial court. Prior to the Act of 1911 a nonregistered foreign corporation was subject to suit in this State: Hagerman v. Empire Slate Co., 97 Pa. 534; In re Naylor Mfg. Co., 135 Fed. 206.

In view of the fact that the Act of 1911 accords a non-registered foreign corporation a quasi legal status, although incapable of bringing suit here until compliance with its provisions and also that plaintiff had knowledge of the corporate existence of the Merrill Realty Corporation and contracted with it as such, the officers who acted for it and in its name are not individually liable for a breach of its contract. The mere fact that the agents might be punished for neglecting to register would not render them liable for the contracts of the corporation.

It is not necessary to decide whether a joint action could be maintained against McGlinn and the other defendants.

The judgment is affirmed.