**NATIONAL ASSOCIATION OF CREDIT MANAGEMENT, Rocky Mountain Affiliate, Assignee, Plaintiff-Appellee,**

v.

**H. Patrick BURKE and Patrick F. McCarthy, Jr., Defendants-Appellants,**

**and**

**Burmac Ltd., an Iowa corporation, d/b/a Happy Joe's; and Richard Moree, Defendants.**

**No. 81CA0767.**

Colorado Court of Appeals, Div. III.

April 15, 1982.

Joseph R. Coyte, Fort Collins, for defendants-appellants.

KIRSHBAUM, Judge.

Defendants, H. Patrick Burke and Patrick F. McCarthy, Jr., directors and officers of defendant, Burmac Ltd. (Burmac), an Iowa corporation, appeal that portion of the trial court's judgment holding them personally liable on one of Burmac's corporate debts. No appeal is taken from that portion of the judgment holding Burmac liable to plaintiff. We reverse as to these individual defendants.

The record reveals the following facts. In 1976 Burmac received a certificate of authority to do business from the Colorado Secretary of State, pursuant to the Colorado Corporation Code, § 7–1–101 *et seq.*, C.R.S.1973 (the Code). Thereafter, Burmac carried on a pizza and ice cream parlor business in Fort Collins, Colorado.

In November 1978, the Colorado Secretary of State revoked Burmac's authority to transact business within Colorado. Burmac continued to do business in Colorado, however, and, through March 1979, purchased $10,250.03 worth of merchandise on an open account from Pacific Fruit and Produce Co., plaintiff's assignor.

In August 1979, plaintiff, National Association of Credit Management, commenced an action against Burmac and Burmac's directors and officers on the assigned open account seeking judgment against all defendants "jointly and severally." After a trial to the court, the trial court dismissed one defendant and entered judgment in favor of plaintiff and against all remaining defendants—Burmac, Burke, and McCarthy—jointly and severally in the sum of $10,250.03 plus interest and costs. The trial court entered the following conclusion of law:

> "Corporate of[f]icers or directors of a foreign corporation who transact business in the name and style of the corporation after the foreign corporation's Certificate of Authority to transact business within the State of Colorado has been revoked by the Secretary of State pursuant to the Colorado Corporation Code are jointly and severally liable with the corporation for debts arising after such revocation."

Burke and McCarthy argue that this conclusion is erroneous. We agree.

██ Preliminarily, we note that "[i]t is the majority rule that in the absence of definite statutory authority therefor, officers, stockholders, incorporators, or other persons contracting for or on behalf of a noncomplying foreign corporation cannot be held liable on its contracts as partners ...." 17 *W. Fletcher, Cyclopedia of the Law of Private Corporations* § 8524 (rev. perm.ed.1977); *see, e.g., Cargill, Inc. v. American Pork Producers, Inc.,* 415 F.Supp. 876 (D.S.D.1976); *A. Tasker, Inc. v. Amsellem,* 315 A.2d 178 (D.C.1974); *Mysels v. Barry,* 332 So.2d 38 (Fla.Dist.App.1976); *American Soap Co. v. Bogue,* 114 Ohio St. 149, 150 N.E. 743 (1926); *Mobridge Community Industries, Inc. v. Toure, Ltd.,* 273 N.W.2d 128 (S.D.1978). This rule of law is based upon the concept of comity that corporate laws of foreign states should be given full force and effect and upon constitutional concerns that a contrary rule might unduly limit interstate transactions of commerce.

In Colorado, a foreign corporation has no right to transact business until it has obtained the requisite authority to do so from the secretary of state. Section 7–9–101(1), C.R.S.1973; *see Utley v. Clark-Gardner Lode Mining Co.*, 4 Colo. 369 (1878). Further, a foreign corporation which has been issued a certificate of authority from the secretary of state may subsequently lose its right to transact business in Colorado for failure to comply with statutory mandates. Sections 7–9–109 and 7–9–112, C.R.S.1973 (1981 Cum.Supp.). The Code also expressly provides that in the event a foreign corporation's certificate of authority is revoked, "the authority of the corporation to transact business in this state shall cease." Section 7–9–112(2), C.R.S.1973 (1981 Cum.Supp.).

Section 7–9–103, C.R.S.1973, imposes penalties on a foreign corporation, its officers, and its agents when such corporation transacts business in Colorado without a certificate of authority. That section provides, in pertinent part:

"(1) No foreign corporation transacting business in this state without a certificate of authority nor anyone in its behalf shall be permitted to maintain any action . . . in any court of this state until such corporation has obtained a certificate of authority.

"(2) The failure of a foreign corporation to obtain a certificate of authority to transact business in this state shall not impair the validity of any contract or act of the corporation and shall not prevent such corporation from defending any action, suit, or proceeding in any court of this state.

"(3) A foreign corporation which transacts business in this state without a certificate of authority shall be liable to this state . . . in an amount equal to all fees which would have been imposed by this code upon that corporation had it duly applied for and received a certificate of authority to transact business in this state as required by this code and there-

after filed all reports required by this code plus all penalties imposed by this code for failure to pay such fees . . . .

"(4) A foreign corporation which transacts business in this state without a certificate of authority as required by this article shall be subject to a civil penalty, payable to the state, not to exceed five thousand dollars. Each officer of a foreign corporation who authorizes, directs, or participates in the transaction of business in this state without a certificate of authority . . . and each agent of a foreign corporation who transacts business in this state on behalf of a foreign corporation which does not have a certificate of authority . . . shall be subject to a civil penalty, payable to the state, not to exceed one thousand dollars.

"(5) The civil penalties set forth in subsection (4) of this section may be recovered in an action brought within the district court in and for the city and county of Denver by the attorney general. Upon a finding by the court that a foreign corporation or any of its officers or agents have transacted business in this state in violation of this article, the court shall issue, in addition to the imposition of a civil penalty, an injunction restraining the further transaction of the business of the foreign corporation and the further exercise of any corporate rights and privileges in this state. The foreign corporation shall be enjoined from transacting business in this state until all civil penalties plus any interest and court costs which the court may assess have been paid, and until the foreign corporation has otherwise complied with the provisions of this article."

■ Thus, although a foreign corporation which does not obtain a certificate of authority has no right to transact business in Colorado, such corporation maintains its corporate identity with respect to its contracts and other acts, and it cannot refuse to defend lawsuits in Colorado courts. Article 9 of the Code, which deals with foreign

corporations, imposes no personal liability for corporate debts upon officers, directors, or shareholders of such a foreign corporation, and we discern no indication in the Code that the General Assembly intended to impose such liability upon officers, directors, or shareholders of a foreign corporation which initially obtains but subsequently is deprived of a certificate of authority.

It is noteworthy that prior to its adoption of the Code in 1959, the General Assembly consistently imposed personal liability upon officers, agents, and stockholders of foreign corporations which failed to comply with statutory filing requirements. Colo.Gen. Laws § 215 (1877); Colo.Gen.Stat. § 262 (1883); C.R.S.1908, § 919; Colo.Compiled Laws § 2324 (1921); Colo.Stat.Ann. ch. 41, § 113 (1935); C.R.S.1953, 31–10–5. The General Assembly expressly repealed such provision upon adoption of the Code. Colo. Sess.Laws 1958, ch. 32 at 203. Other states which at some time imposed personal liability upon representatives of noncomplying foreign corporations also have repealed such legislation. *See C. Hornstein, Corporation Law and Practice*, § 294 (1959). The General Assembly may, of course, choose to re-adopt such sanctions. *See, e.g.*, Ark.Stat. Ann. § 64–1216 (1947) (1980 Repl.Vol. 6); Va.Code § 13.1–119 (1950) (1981 Cum. Supp.). We are not at liberty to so legislate.

■ Plaintiff contends, however, that the provisions of § 7–3–104, C.R.S.1973, pertaining to domestic corporations provide evidence of a legislative intent to hold agents of foreign corporations liable in the circumstances of this case. We disagree.

Section 7–3–104, C.R.S.1973, provides as follows:

> "All persons who assume to act as a *corporation* without authority so to do shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof." (emphasis added)

Pursuant to § 7–1–102(5), C.R.S.1973, for purposes of the Code, the terms "corporation" and "domestic corporation" are defined as "a corporation for profit subject to the provisions of this code, *except a foreign corporation.*" (emphasis added) The term "foreign corporation" is defined separately. Section 7–1–102(8), C.R.S.1973. The provisions of Article 3 of the Code carefully distinguish between provisions applicable to domestic corporations and those governing foreign corporations. As indicated, Article 9 of the Code relates solely to foreign corporations.

This statutory scheme, *see Travelers Indemnity Co. v. Barnes*, 191 Colo. 278, 552 P.2d 300 (1976), compels the conclusion that § 7–3–104, C.R.S.1973, applies only to representatives of domestic corporations. To adopt plaintiff's argument would violate the rule that "[w]ords and phrases that have acquired a ... particular meaning ... shall be construed accordingly." Section 2–4–101, C.R.S.1973 (1980 Repl.Vol. 1B). *See also Cargill, Inc. v. American Pork Producers, Inc., supra; Mobridge Community Industries, Inc. v. Toure, Ltd., supra.*

■ Plaintiff finally argues that common law principles establish personal liability of representatives of a foreign corporation on contracts executed by them in the corporate name when the corporation was in noncompliance with statutory foreign corporation requirements. We disagree.

Plaintiff cites the cases of *Joseph T. Ryerson & Son v. Shaw*, 277 Ill. 524, 115 N.E. 650 (1917), and *Lasher v. Stimson*, 145 Pa. 30, 23 A. 552 (1892), in support of its contention. Those decisions do establish that at common law in those jurisdictions a director, officer, or agent of a noncomplying foreign corporation could be held personally liable on contracts between the foreign corporation and third parties entered into during periods of noncompliance. That rule is based upon the theory that because a foreign corporation has no legal existence within the state in the absence of compliance with the state's statutory require-

ments for doing business, individuals who act for such noncomplying foreign corporation become liable on contracts under common law agency principles.

Colorado courts have never adopted such a common law rule. As previously indicated, from the earliest days of statehood until 1959, the General Assembly imposed statutory personal liability upon representatives of foreign corporations in such situations, and in 1959 it repealed all such provisions. Moreover, more recent decisions of Illinois and Pennsylvania courts indicate that legislation in those jurisdictions has cast doubt upon the vitality of the earlier cases. *See McAteer v. Menzel Building Co.,* 13 Ill.App.3d 394, 300 N.E.2d 583 (1973); *Bala Corp. v. McGlinn,* 295 Pa. 74, 144 A. 823 (1929); *Walsh v. Hallstead,* 140 Pa.Super. 13, 13 A.2d 95 (1940).

In view of these circumstances, we conclude that plaintiff has no common law remedy against these defendants in this case.

The judgment is reversed insofar as it imposes liability upon these individual defendants.

STERNBERG and TURSI, JJ., concur.