

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-24-2004

# Walsh v. Alarm Security Grp

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1514

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Walsh v. Alarm Security Grp" (2004). *2004 Decisions.* Paper 918.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/918

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-1514

RAYMOND J. WALSH,

Appellant
v.

ALARM SECURITY GROUP, INC.,
ROBERT GAUCHER, DONALD M. YOUNG

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Civil Action No. 01-CV-00287)
District Judge: Hon. J. Curtis Joyner

Argued: November 4, 2003

Before: McKEE, SMITH, and WEIS, Circuit Judges.

ROBERT W. SMALL, ESQ.
Berlinger & Small
1494 Old York Road
Suite 200
Abington, PA 19001
Attorney for Appellant

JEFFREY P. LEWIS, ESQ
McKissock & Hoffman, P.C.
1035 East Evans Street
P.O. Box 3086
West Chester, PA 19381
Attorney for Appellees Robert Gaucher and Donald Young

OPINION OF THE COURT

McKEE, <u>Circuit Judge</u>.

Raymond Walsh appeals the district court's dismissal of his complaint against defendants Robert Gaucher and Donald Young individually on his claims for breach of contract, fraud and back pay under the Pennsylvania Wage Payment and Collection Law. For the reasons that follow, we will reverse and remand to the district court for further proceedings consistent with this opinion.

**I.**

Alarm Security Group ("ASG") sold alarm systems and alarm monitoring services. At all times relevant to this suit, Robert Gaucher was ASG's president and chief executive officer, and Donald Young was ASG's chief operating officer. In July 1999, ASG planned to open a branch office in the Philadelphia area sometime in 2000. However, that plan was contingent upon ASG acquiring sufficient business in the area to warrant opening and maintaining a branch office. In August 1999, Gaucher instructed Young to have a branch manager for ASG's Philadelphia branch office in place by January 2000. ASG had already offered the branch manager position to two people, but they had both turned the offer down because it was conditioned upon the uncertainty of ASG acquiring a certain amount of business in the Philadelphia area.[1] In October 1999

---

[1] ASG's business strategy was to acquire existing alarm companies. ASG would then open a branch office in a given area once ASG's volume in that area was sufficiently high to warrant opening and maintaining a branch office there.

2

Gaucher and Young contacted Walsh. After an interview, Walsh accepted Young's offer to head the Philadelphia office that ASG was purportedly planning to open. Thereafter, Young sent Walsh a letter confirming Walsh's acceptance of ASG's offer as well as the financial terms of Walsh's employment and a start date of January 1, 2000. Walsh also signed an employment agreement detailing the terms of his employment with ASG including his salary.

In early January 2000, after selling his home in California, leaving his job there, and relocating to Philadelphia with his family, Walsh reported to work at ASG. He was then informed for the first time that the office he was to head had not yet opened, and his starting date had been postponed. ASG subsequently postponed Walsh's start date again until finally informing him in July 2000 that it never acquired sufficient business to open the office he was to head.

Walsh thereafter filed suit against ASG as well as Gaucher and Young asserting causes of action based upon breach of contract, fraud, promissory estoppel, and Pennsylvania's Wage Payment and Collection Law ("WPCL"). The district court granted summary judgment dismissing all claims against Gaucher and Young individually as well as the claims premised upon promissory estoppel and negligent employment against ASG. In doing so, the court explained:

> Given that there is absolutely no evidence whatsoever on this record that the individual defendants Donald Young and Robert Gaucher acted in their individual capacities at any time relevant to the plaintiff's cause of action here, we shall grant

summary judgment in their favor with respect to the claims
against them individually.

*Walsh v. Alarm Security Group, Inc.*, 230 F. Supp. 2d 623, 629 n.2 (E.D. Pa. 2002).

Following the ensuing bench trial, the court entered judgment in favor of Walsh and against ASG in the amount of $796,890.[2] This appeal followed.

## II.

### A.  Summary Judgment[3]

As noted above, the district court granted summary judgment in favor of Gaucher and Young dismissing all claims against them in their individual capacities. Walsh argues that this was error because Pennsylvania law allows for personal liability against corporate officers for fraud committed in their corporate capacity, and for unpaid wages.

### 1. Fraud claim

We agree that the district court erred in dismissing Walsh's claims against Young and Gaucher individually. Under Pennsylvania law, corporate officers may be personally liable for tortious acts, such as fraud, even when those acts are committed within the scope of their employment. In *Donsco Inc. v. Casper Corp.*, 587 F.2d 602, 606 (3d Cir. 1978), we stated that under Pennsylvania law:

> [a] corporate officer is individually liable for the torts he

---

[2] ASG failed to appear at the bench trial on the remaining breach of contract, fraud and WPCL claims.

[3] We exercise plenary review over the court's summary judgment decision. *Sharrar v. Felsing*, 128 F.3d 810, 817 (3d Cir. 1997).

4

personally commits and cannot shield himself behind a corporation when he is an actual participant in the tort. . . . The fact that an officer is acting for a corporation also may make the corporation vicariously or secondarily liable under the doctrine of respondent superior; it does not however relieve the individual of his responsibility.

*See also Wicks v. Milzoco Bldrs.*, 470 A.2d 86, 89 n.5 (Pa. 1983) (citing *Donsco*). The district court therefore erred in concluding that Young and Gaucher could not be personally liable for the fraud alleged by Walsh. Moreover, Walsh presented sufficient evidence to raise a genuine issue of material fact as to whether either Gaucher or Young committed fraud during the course of their negotiations with him. In fact, the district court cited much of this evidence as grounds for denying summary judgment to ASG on Walsh's fraud claim.[4]

Gaucher and Young do not attempt to defend the merits of the district court's ruling on their individual liability. Rather, they argue that the record does not support that liability, and that the district court's decision was proper because Walsh first asserted individual liability under *Wicks* and *Donsco* in his motion for reconsideration. However, Walsh correctly notes that he had no notice that he had to assert such authority because the defendants had never argued that they could not be personally liable for the torts Walsh alleged. Rather, the district court raised that defense *sua sponte* in its summary judgment order.

---

[4] *Walsh v. Alarm Security Group, Inc.*, 230 F. Supp. 2d 623, 629-30 (E.D. Pa. 2002).

5

We have said that a judgment can usually only be based on grounds raised by the parties. *Scully v. U.S. WATS, Inc.*, 238 F.3d 497, 515-16 (3d Cir. 2001). Nothing in any of defendants' motions for summary judgment asserted that Gaucher and Young could not be held personally liable for their actions on behalf of ASG. Walsh can not be faulted for failing to refute a defense that neither Young nor Gaucher had raised that was not even available under Pennsylvania law.[5]

Although Walsh can survive summary judgment on his tort claim because of the participation theory, that theory does not rescue his breach of contract claim against Young and Gaucher individually. "Unless the corporate officer extends promises in his individual capacity, the participation theory does not apply in the context of an action for breach of contract." *A & F Corp. v. Brown,* No. 94-CV-4709, 1996 WL 466909, at *5 (E.D. Pa. Aug. 15, 1996) (citing *Bala Corp. v McGlinn*, 144 A. 823 (Pa. 1929) and *Loeffler v. McShane*, 539 A.2d 876 (Pa. Super. 1988)). "Whenever a corporation makes a contract, it is the contract of the legal entity – of the artificial being created by the charter – and not the contract of the individual members." *Bala Corp.*, 144 A. at 824 (internal citation and quotation marks omitted). However, *Bala Corporation* limits individual corporate liability only in the context of an action for breach of contract. *Loeffler*, 539

---

[5] We need not belabor the defendants' contention that the evidence was insufficient to establish individual liability as a matter of law. As noted above, the district court properly found sufficient evidence to deny summary judgment to ASG, and any suggestion that that evidence does not at least raise an issue of fact as to the defendants' individual liability is specious.

6

A.2d at 879-80.

> On the other hand, in a tort action, even if the plaintiff has entered into a contractual relationship with the corporation, the corporate officer is not insulated from liability. . . . This is because the basis for the tort liability is not the breach of the contract with the corporation but rather the breach of an independent legal obligation to avoid injury to the plaintiff. . . . [T]he law imposes special duties on parties who deal with one another in a business setting.

*Id*. (internal citations omitted).

Walsh does not allege that Gaucher or Young made promises or mislead him while acting in their individual capacity. Accordingly, we will affirm the district court's grant of summary judgment in favor of Gaucher and Young individually on Walsh's breach of contract claim.

## 2. WPCL claim

The WPCL holds "employers" liable for an employee's unpaid wages, but defines an "employer" as "every person, firm, partnership, association, corporation, receiver or other officer of a court of this Commonwealth, *any agent or officer of any of the above-mentioned classes* employing any person in this Commonwealth." 43 P.S. §§ 260.1, 260.2a (1999) (emphasis added). We have held that this language imposes personal liability on high-ranking corporate officers for employees' unpaid wages. *Carpenters Health and Welfare v. Ambrose Inc.*, 727 F.2d 279, 283 (3d Cir. 1983). Although there may remain some question as to the exact levels of management that can be reached individually under *Ambrose*, "there is no question that the legislature intended to include

7

at least the highest ranking corporate officers" in the group that is liable. *Id.* Gaucher and Young, as the president/CEO and the chief operating officer of ASG, clearly appear to be two of ASG's highest ranking corporate officers and so meet *Ambrose*'s standard for personal liability as "employers" under WPCL. At the very least, the level of their corporate responsibility and management raises an issue of fact.

However, Gaucher and Young were still entitled to summary judgment for back pay under the WPCL because Walsh has no "wages" to recover. The law only extends to wages earned by employees but not paid by employers. Here, it is undisputed that Walsh never drew any salary. Walsh argues that he did earn "guaranteed pay," however, and that is defined as a "fringe benefit" included within the broader definition of "wages" under the WPCL.

Although the WPCL definition of "wages" and "fringe benefits" does include guaranteed pay, *see* 43 P.S. § 260.2a (1999), the WPCL only allows recovery for wages that "have actually vested by expenditure of time and effort." *Hirsch v. B&B*, 90-CV-1076, 1991 U.S. Dist. LEXIS 5993, at *7 (E.D. Pa. May 1, 1991). Walsh accepted a salary of $100,000, but that was to be an annual salary and was not payable to him merely because he showed up for the job. Moreover, unlike the employee who was awarded guaranteed wages in *Hirsch*, Walsh never actually became an "employee." Indeed, that is precisely why he is suing. Thus, it can not now seriously be argued that he earned a full year's salary by expending time and effort for ASG for one full year. Accordingly, we

8

will affirm the district court's grant of summary judgment against Walsh on his claim for wages under the WPCL.[6]

This does not, however, suggest that Walsh can not recover a full year's salary – as well as other appropriate damages – against Gaucher and Young individually on his fraud claims. Gaucher and Young can prevail on Walsh's WPCL claims only because of the statutory definition of "wages" set forth in that act. Walsh's claim for actual damages under his fraud theory is not limited by that definition. The evidence establishes that Walsh resigned his job in California and relocated to Philadelphia pursuant to a contract of employment for $100,000 per year. This evidence supports an award of damages in the amount of that one year's salary, minus any mitigation even though the contract was to extend for a full five years, together with Walsh's moving expenses.

### B. Damages Calculation

Walsh's final claim is that the district court incorrectly calculated the damages against ASG. He argues that the court erred when it mitigated his damages *sua sponte* and found that he was entitled to only one year's salary in damages despite the five-year term of his employment contract. We exercise plenary review over the legal conclusions applied that the court when assessing damages. *Scully v. U.S. WATS, Inc.*, 238 F.3d 497,

---

[6] Inasmuch as we affirm the district court's grant of summary judgment against Walsh on his claim for wages under the WPCL, we need not address his argument that the district court erred in failing to reconsider its grant of summary judgment to ASG on that claim.

507 (3d Cir. 2001).

Mitigation is an affirmative defense that is waived if it is not asserted in a responsive pleading. *Koppers Co. v. Aetna Casualty & Surety Co.*, 98 F.3d 1440, 1448 (3d Cir. 1996) (stating that mitigation is an affirmative defense). ASG waived this affirmative defense when it failed to appear at trial, and the district court should not have asserted ASG's defense *sua sponte* and mitigated the damages for it. On remand, the district court will recalculate these damages.

### III.

For the above reasons, we will remand to the district court for further proceedings consistent with this opinion.[7]

---

[7] Res judicata will not operate against the individual defendants based upon findings of fact or law that the district court made at the first trial. The individual defendants had been dismissed and were therefore not parties to that litigation. Accordingly, the doctrine will not apply as to them. *See Hopewell Estates v. Kent*, 646 A.2d 1192, 1194 (Pa. Super. 1994).