631 F.2d 358
 Arthur RIDLEY, Jr., Appellant,
v.
Charles H. LEAVITT, Sheriff; Clyde Miller, Deputy Sheriff;
and unknown defendants, persons who have in the past, or who
are now deputy sheriffs at the Norfolk City Jail and whose
names are now unknown to plaintiff, Appellees.
 No. 78-6402.
 United States Court of Appeals,
Fourth Circuit.
 Argued June 2, 1980.
Decided Oct. 17, 1980.
 
 William W. Nexsen, Norfolk, Va. (Stackhouse, Rowe & Smith, Norfolk, Va., on brief), for appellant.
 Charles E. Vogan, Jr., Norfolk, Va. (Joseph H. Campbell, Norfolk, Va., on brief), for appellees.
 Before WINTER and BUTZNER, Circuit Judges, and WALTER E. HOFFMAN, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 In this § 1983 action, Arthur Ridley, Jr., alleges that while confined as a pretrial detainee at the Norfolk City Jail, he was severely beaten by six deputy sheriffs, placed in isolation for two days without water or sufficient bedding, and denied adequate medical attention. He also avers that, on one occasion, he discovered glass in his food and was not permitted to see a doctor until two days thereafter. The district court granted summary judgment to the defendants on each of plaintiff's claims. Though we approve the entry of summary judgment in all other respects, we believe that the allegation that plaintiff received a severe and unwarranted beating while detained at the jail raises a genuine issue of material fact. We therefore remand the case for trial on this issue alone.
 
 
 2
 The complaint states that, as a result of his persistent complaints about the food served at the jail, plaintiff was told he would be moved to segregation. During this move, plaintiff alleges that he was beaten, handcuffed, dropped on the floor, and beaten again about the head and eyes. Affidavits submitted by the defendants indicate that plaintiff was transferred to isolation only after he had thrown the dinners of his fellow prisoners against his jail cell wall and that, in the course of the transfer, he assaulted three deputy sheriffs. Plaintiff does not deny that he was charged with three counts of assault arising out of this incident and that he was subsequently convicted on all three counts in a state trial court.
 
 
 3
 The district court held that Ridley's claim of excessive force was barred by the doctrines of res judicata and collateral estoppel. The court reasoned:
 
 
 4
 (B)efore the judge of the (state trial court) could have found Arthur Ridley, Jr. guilty of assaulting his jailers, he must have found that Ridley was the aggressor. This Court in this § 1983 action is not going to relitigate the altercation and accepts as res judicata or estoppel by judgment the findings of the Norfolk General District Court.
 
 
 5
 We agree with the district court that it was not required to relitigate the merits of the state proceeding. Nevertheless, plaintiff is not barred from bringing this civil action because the issue of excessive force was not "distinctly put in issue and directly determined in the criminal prosecution." See Emich Motors Corp. v. General Motors Corp., 340 U.S. 558, 569, 71 S.Ct. 408, 414, 95 L.Ed. 534 (1951). This issue was not relevant in the state prosecution since the use of unlawful force to subdue the plaintiff would not have been a defense to the original assault charge.
 
 
 6
 Even if Ridley were the original aggressor, that fact does not necessarily entail the further conclusion that his jailers did not respond with excessive force. Williams v. Liberty, 461 F.2d 325 (7th Cir. 1972). While prison officials should be afforded broad discretion in maintaining order and discipline within the prison walls, we do not think that any amount of force is justified, especially if the threat of disorder or disobedience has subsided. Only reasonable force under the circumstances may lawfully be employed. Whether plaintiff suffered a severe and unjustified beating at the jail is a question which is not barred by the doctrines of res judicata or collateral estoppel and has not been resolved by the parties' affidavits. Accordingly, summary judgment for defendants on this issue must be reversed and the case remanded for further proceedings.
 
 
 7
 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.