## Richmond

## LUKE CONSTRUCTION COMPANY

## V.

## JESSE HOWARD SIMPKINS

April 30, 1982.

Record No. 791653.

Present: All the Justices.

*Stephen C. St. John (Williams, Worrell, Kelly & Greer,* on brief), for appellant.

*Augustus Anninos (Howell, Anninos, Daugherty & Brown,* on brief), for appellees.

PER CURIAM.

Luke Construction Company filed a motion for judgment against Jesse H. Simpkins and two other individuals, all officers or agents of Surplus, Inc. Luke alleged that certain equipment it purchased from Surplus was stolen property, that the defendants "had knowledge of, participated in, sanctioned, acknowledged and ratified the fraudulent sale", and that the defendants were jointly and severally liable for damages Luke sustained.

Responding to requests for admissions, Simpkins acknowledged that he was an officer of Surplus; that the corporation had sold Luke the equipment; and that he had been convicted of transporting the equipment in interstate commerce with knowledge that it was stolen in violation of 18 U.S.C. § 2314. In his answer, however, Simpkins denied that he had knowledge of, participated in, or sanctioned "the alleged fraudulent sale of the equipment" to Luke.

Luke moved the trial court for "summary judgment on the issue of liability" on the ground that Simpkins' "liability to the plaintiff . . . has been established by the judgment of conviction" and that Simpkins "is estopped to deny the truth of the facts established as true in the criminal trial". Luke filed a brief incorporating copies of the indictment and judgment in the criminal case, and Simpkins filed a brief in opposition. Luke advised the trial court by letter that it would submit its case on the motion. Finding that Luke "has no further evidence or argument to place before this Court on the merits of its claim" and "has rested its case", the trial court granted Simpkins' motion to strike and dismissed Luke's claim with prejudice.

On appeal, Luke argues that it was entitled to summary judgment on the ground Simpkins was collaterally estopped by the

criminal conviction to deny the allegations of the motion for judgment. We disagree.

We will assume without deciding that the circumstances here justify an exception to the mutuality requirement of the doctrine of collateral estoppel, *i.e.,* that a stranger to a criminal conviction may invoke the doctrine offensively in a civil action against the convict. *Cf. Eagle, Etc., Ins. Co.* v. *Heller,* 149 Va. 82, 140 S.E. 314 (1927) (exception justified, doctrine invoked defensively). Yet, the preclusive effect extends only to those facts in issue which were adjudicated in the former proceeding.

Here, Luke alleged that Simpkins "had knowledge of, participated in, sanctioned, acknowledged and ratified the fraudulent sale" Surplus made to Luke. The criminal judgment established the fact that Simpkins had knowledge that the equipment he transported across state lines was stolen property. But the criminal court did not adjudicate other factual questions raised by Luke's allegations, *viz.,* whether Simpkins knew the corporation had sold Luke that particular equipment, whether Simpkins participated in that sale of that property, and whether Simpkins ratified that sale with guilty knowledge.

We hold, therefore, that Simpkins was not estopped to contest the facts Luke alleged. Electing to stand on its plea of collateral estoppel, Luke offered no proof of facts essential to its right to recover. The trial court's ruling, based as it was on want of proof, was clearly correct, and we will affirm the judgment.

*Affirmed.*