849 F.2d 604
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dock H. DILLMAN, Jr., Plaintiff-Appellant,
v.
Edward MURRAY; Fred E. Jordan; Dave Williams; I.T.
Gilmore; Keith H. Waldrop, Defendants-Appellees.
 No. 87-7728.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 29, 1988.
Decided: June 7, 1988.
 
 Dock H. Dillman, Jr., appellant pro se.
 Alan Katz, Office of the Attorney General of Virginia, for appellees.
 Before K.K. HALL, JAMES DICKSON PHILLIPS and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 In 1983, Dock H. Dillman, Jr. struck Ivan T. Gilmore, a James River Correctional Facility employee. Dillman was subsequently convicted of knowingly and willfully inflicting bodily harm upon Gilmore in violation of Va.Code Sec. 18.2-55 because of that altercation. Dillman now seeks to recover damages under 42 U.S.C. Sec. 1983, claiming as he did during his criminal trial that Gilmore was the aggressor in the incident and that Gilmore had used excessive force against him. He also claimed that defendant prison officials Edward Murray, Fred E. Jordan, and Dave Williams should not have disciplined him because of the altercation, as in Dillman's opinion the medical records clearly showed that Gilmore had attacked him. Finally, he claimed that his attorney, Keith H. Waldrop, had rendered ineffective assistance of counsel at Dillman's criminal trial and on appeal from his conviction.
 
 
 2
 The district court granted summary judgment for Gilmore and dismissed the remaining claims under 28 U.S.C. Sec. 1915(d). For the reasons stated below, we vacate and remand for further proceedings against Gilmore, and affirm the dismissal of Dillman's other claims.
 
 
 3
 The district court ruled that Dillman was precluded from arguing that Gilmore had struck him during the altercation, as that issue had been resolved against him in his criminal trial. If a Sec. 1983 plaintiff has previously litigated his claim in state court, federal courts will give the state court judgment the same preclusive effect that it would receive in that state's courts, as long as the Sec. 1983 plaintiff had a full and fair opportunity to litigate that claim. Allen v. McCurry, 449 U.S. 90 (1980). It is unclear whether Virginia would give preclusive effect even to those issues actually litigated in Dillman's criminal trial. See Lee v. Winston, 717 F.2d 888, 894-95 (4th Cir.1983), aff'd, 470 U.S. 753 (1985); Prosise v. Haring, 667 F.2d 1133, 1138-40 (4th Cir.1981), aff'd, 462 U.S. 306 (1983); Selected Risks Insurance Co. v. Dean, 233 Va. 260, 355 S.E.2d 579 (1987); Luke Construction Co. v. Simpkins, 223 Va. 387, 389, 291 S.E.2d 204, 205 (1982); Eagle, Star and British Dominions Ins. Co. v. Heller, 149 Va. 82, 140 S.E. 314 (1927).
 
 
 4
 Assuming arguendo that Virginia would give Dillman's conviction preclusive effect, the conviction would only preclude relitigation of those issues actually and necessarily decided in the criminal action. Haring v. Prosise, 462 U.S. 306, 315 (1983) (discussing Virginia law). In Ridley v. Leavitt, 631 F.2d 358, 359 (4th Cir.1980), this Court found that a Sec. 1983 plaintiff who had been convicted of assaulting three Virginia state deputy sheriffs was not collaterally estopped from suing those deputies for using excessive force against him during the incident, because "the use of excessive force to subdue the plaintiff would not have been a defense to the original assault charge." Id. We noted that even if the state conviction established that the plaintiff was the aggressor in the altercation, the deputies could still be found liable for using excessive force to subdue him. Id. at 359-60.
 
 
 5
 As in Ridley, the guilty verdict in this case could have been based on a finding that Dillman had used more force than was reasonably necessary to repel Gilmore's alleged attack, rather than on a finding that Gilmore had not attacked him. See Cook v. Commonwealth, 219 Va. 769, 773, 250 S.E.2d 361, 364 (1979) ("one assaulted may use only such force as appears to him reasonably necessary to repel the attack"). Thus, the district court erred in applying the doctrine of collateral estoppel to bar this claim. We therefore vacate the judgment insofar as it granted summary judgment in favor of Gilmore, and remand for further proceedings on this claim.
 
 
 6
 We affirm the district court's dismissal of Dillman's claims against the remaining defendants. Dismissal under 28 U.S.C. Sec. 1915(d) is appropriate if the district court finds " 'beyond doubt' and under any 'arguable' construction, 'both in law and in fact' of the substance of the plaintiff's claim that he would not be entitled to relief." Boyce v. Alizaduh, 595 F.2d 948, 952 (4th Cir.1979). The claims against the prison officials arose out of their actions in prison disciplinary proceedings. These claims were properly dismissed because even if Dillman was more severely injured than Gilmore, the defendants did not necessarily act arbitrarily or capriciously, or without any evidentiary basis, in deciding that his attack on Gilmore was unjustified. See Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 454 (1985); Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir.1981), cert. denied, 455 U.S. 992 (1982). Dillman's claim that his attorney rendered ineffective assistance of counsel during Dillman's criminal trial was also properly dismissed, as Dillman's attorney was not a state actor nor was he allegedly acting in concert with a state actor. Therefore, he cannot be sued under Sec. 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Deas v. Potts, 547 F.2d 800 (4th Cir.1976).
 
 
 7
 We vacate the judgment of the district court insofar as it granted defendant Gilmore's motion for summary judgment. In all other respects, the judgment is affirmed. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the court and oral argument would not significantly aid the decisional process.
 
 
 8
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.