**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

MONICA D. PACKER,
                    *Plaintiff-Appellant,*

v.

ALPHONSO HAYES; PRINCE GEORGE'S
COUNTY, MARYLAND,
                    *Defendants-Appellees.*

No. 03-1064

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Jillyn K. Schulze, Magistrate Judge.
(CA-01-1125-PGM)

Submitted: September 10, 2003

Decided: October 29, 2003

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

---

Affirmed in part, reversed in part, and remanded by unpublished per curiam opinion.

---

**COUNSEL**

Charles C. Parsons, CHARLES C. PARSONS & ASSOCIATES, CHTD., Washington, D.C., for Appellant. William A. Snoddy, Associate County Attorney, Upper Marlboro, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Monica Packer appeals the magistrate judge's orders granting Defendants' motion for partial summary judgment and motion for judgment as a matter of law on her claims brought under the Maryland constitution and 42 U.S.C. § 1983 (2000).* Packer alleged that Officer Alphonso Hayes of the Prince George's County Police Department used excessive force in the course of arresting her, in violation of her constitutional rights. We have reviewed the record and find no reversible error as to the magistrate judge's order granting Defendants' motion for partial summary judgment as to Packer's state law claim. Accordingly, we affirm the magistrate judge's grant of partial summary judgment and dismissal of Packer's state law claims for the reasons stated by the magistrate judge. *See Packer v. Hayes*, No. CA-01-1125-PGM (D. Md. Dec. 10, 2002). However, because we conclude that the magistrate judge erred in granting Defendants' motion for judgment as a matter of law based on the doctrine of collateral estoppel (or issue preclusion) on Packer's § 1983 claim, we reverse the magistrate judge's grant of judgment as a matter of law and remand for further proceedings.

This court reviews de novo a district court's grant of a motion for judgment as a matter of law. *Anderson v. Russell*, 247 F.3d 125, 129 (4th Cir. 2001). Judgment as a matter of law is only appropriate if, viewing the evidence in the light most favorable to the nonmoving party, the court concludes that a reasonable trier of fact could draw only one conclusion from the evidence. *Brown v. CSX Transp., Inc.*, 18 F.3d 245, 248 (4th Cir. 1994). Under the doctrine of collateral estoppel or issue preclusion, "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the

---

*The parties consented to the magistrate judge's jurisdiction pursuant to 28 U.S.C. § 636(c) (2000).

determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties." *Goldstein & Baron Chartered v. Chesley*, 825 A.2d 985, 990 (Md. 2003) (internal quotations omitted). "[T]he party to be bound must have had a full and fair opportunity to litigate the issues in question." *Welsh v. Gerber Prod., Inc.*, 555 A.2d 486, 518 (Md. 1989).

Although the magistrate judge correctly concluded that Packer was precluded from denying that she assaulted Officer Hayes because of her state court conviction for assault, the magistrate judge erred in concluding that this necessarily required judgment in favor of Defendants. Packer is not collaterally estopped from bringing an excessive force claim against Defendants merely because she was convicted of assaulting Officer Hayes in state court. *See Ridley v. Leavitt*, 631 F.2d 358, 359 (4th Cir. 1980). Accepting that Packer assaulted Officer Hayes, there was still a dispute as to whether Officer Hayes threw Packer against a brick wall and, if he did, whether such force was excessive under the circumstances. Although we express no opinion about the merits of the claim, a jury could conclude that Officer Hayes did throw Packer against the wall and that this amount of force was unjustified. We also find no merit in Defendants' contention that Packer is barred from bringing an excessive force claim based on *Heck v. Humphrey*, 512 U.S. 477 (1994). We therefore reverse the magistrate judge's order granting judgment as a matter of law in favor of Defendants and remand for further proceedings consistent with this opinion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, REVERSED IN PART, AND REMANDED*