**A. TASKER, INC., Appellant,**

v.

**Jean Paul AMSELLEM, a/k/a Sam Amsellem, et al., Appellees.**

**No. 7541.**

District of Columbia Court of Appeals.

Argued Nov. 28, 1973.

Decided Jan. 18, 1974.

Charles V. Kirchman, Wheaton, Md., for appellant.

Sheldon B. Kamins, Washington, D. C., entered an appearance for appellees.

Before NEBEKER, YEAGLEY and HARRIS, Associate Judges.

YEAGLEY, Associate Judge:

This is an appeal from the trial court's order granting a motion of defendant Kenneth Zawatsky to quash service of process on him under the long arm statute.[1]

Plaintiff, a mechanical contracting firm, having furnished materials and performed certain work on the premises at 1610 Wisconsin Avenue, obtained a default judgment against Normandie Builders, Inc., in the sum of $6,379.36. The judgment being unsatisfied, appellant brought this action against appellees under the provisions of D.C.Code 1973, § 29–950,[2] alleging that they, as officers and directors of Normandie Builders, had failed to procure a certificate of authority for the corporation to do business in the District of Columbia; it contended that they thereby became jointly and severally liable to the plaintiff on its judgment against Normandie Builders, Inc., "as a result of their unwarranted assumption of corporate powers within the District of Columbia."

Zawatsky was personally served at his home in Potomac, Maryland, by the Sheriff of Montgomery County, Maryland. This was done pursuant to D.C.Code 1973, § 13–424. Zawatsky moved the trial court to quash the process on the ground that he was not subject to the court's personal jurisdiction under D.C.Code 1973, § 13–423, insofar as appellant's claim was not related to the transaction by Zawatsky of any business within the District of Columbia. The trial court granted Zawatsky's motion to quash.

Appellant claims that the directors and officers of a foreign corporation, transacting business in the District of Columbia without having obtained a certificate of authority pursuant to D.C.Code 1973, § 29–933, should be held personally liable for the debts of the corporation. It claims that said officers and directors are "persons who assume to act as a corporation without authority so to do" and therefore should be "liable for all debts and liabilities incurred or arising as a result thereof." D.C.Code 1973, § 29–950. The argument is, that Normandie Builders, Inc., having failed to obtain a certificate of authority pursuant to D.C.Code 1973, § 29–933, did not exist in the District of Columbia and therefore its officers and directors, Zawatsky being one of them, were liable under D.C.Code 1973, § 29–950 (*see* note 2, *su-*

1. D.C.Code 1973, § 13–423(a)(1) provides:
    (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's—
        (1) transacting any business in the District of Columbia . . . .

2. D.C.Code 1973, § 29–950, provides that:
    All persons who assume to act as a corporation without authority so to do shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof.

*pra*). If the officers and directors are deemed to be liable, based on the corporation's purported lack of existence, then it follows that any business transacted by them must be deemed to have been carried out by them in their *personal* capacities, thereby subjecting them to jurisdiction under § 13–423(a)(1).

The question is whether failure to comply with the requirements of D.C.Code 1973, § 29–933, results in withdrawal of the recognition of a foreign corporation's existence. We think it does not.

■ By their terms, § 29–933 et seq. do not withdraw recognition of corporate existence from a foreign corporation which fails to comply with its provisions. Foreign corporations, unless prohibited by statute, have the right to do business in states other than the state of their incorporation based upon comity of states; the corporate franchise issued by one sovereign is recognized extra-territorially. American Soap Co. v. Bogue, 114 Ohio St. 149, 150 N.E. 743 (1926); Springfield Grocery Co. v. Devitt, 126 Miss. 169, 88 So. 497 (1921).

D.C.Code 1973, § 29–934f, deals with the consequences of a foreign corporation's transaction of business in the District of Columbia without obtaining a certificate of authority. Subsection (a) provides that such a corporation may not maintain a legal action in the District of Columbia courts until it obtains the required certificate. Subsection (c) provides that the corporation is liable for fees and penalties for failing to obtain the certificate of authority. Quite importantly, however, subsection (b) provides that noncompliance "shall not impair the validity of any contract or act of such corporation." No personal liability is imposed on the officers.

■ ■ It is impossible to reconcile the alleged nonexistence of a corporation with the validity of its actions and contracts. Appellant had no difficulty in obtaining a judgment against the corporation of which appellees are the officers. We think rather that § 29–934f, insofar as it provides for specific penalties and validates the acts of a noncomplying foreign corporation, indicates that a noncomplying foreign corporation exists within the District of Columbia, subject *only* to the specified disabilities and penalties of subsections (a) and (c). Since § 29–934f(b) provides that a noncomplying corporation's contracts are valid, personal liability for officers and directors cannot be premised on the general rule that an agent who fails to bind his principal binds himself. Since the agent in this situation *does* bind his principal, he does not bind himself.

Other jurisdictions have been faced with this question of the personal liability of officers and directors for the acts of a noncomplying foreign corporation. The great majority of these jurisdictions do not hold persons acting on behalf of a noncomplying corporation personally liable.[3] For the reasons indicated we find that the District of Columbia statutory scheme compels the same result.[4]

Affirmed.

---

3. *See* 17 Fletcher, Cyclopedia of the Law of Private Corporations § 8524 and cases cited therein; see also 51 A.L.R. 385–388, and 20 C.J.S. Corporations § 1860 (1940).

Some jurisdictions have statutes which specifically provide that officers, directors and/or stockholders are personally liable for the acts of a noncomplying foreign corporation. *See* Fletcher § 8525 and cases cited therein.

4. In its brief (p. 11) appellant indicates that it had no knowledge that it was dealing with a corporation in connection with this contract.

We note, however, that appellant in its action has not proceeded against the individual defendants on this basis. It has, rather, proceeded against them solely on the basis that, as officers and directors of a nonqualifying foreign corporation, they were personally liable for the judgment which it obtained against *the corporation*. We express no opinion as to whether appellant could obtain jurisdiction over Zawatsky based on an alllegation that Zawatsky contracted with it in his *personal* capacity without making it clear that his status was that of an agent of Normandie Builders, Inc.