CARGILL, INC., a Delaware Corporation

v.

AMERICAN PORK PRODUCERS, INC., an Iowa Corporation, et al.

No. CIV 74–5057.

United States District Court, D. South Dakota.

July 7, 1976.

Edward C. Carpenter, Rapid City, S. D., for plaintiff.

Joseph E. McHugh, Chicago, Ill., Ronald W. Banks, Fred Hendrickson, Gene Lebrun, Rapid City, S. D., for defendant.

## MEMORANDUM OPINION

BOGUE, District Judge.

## INTRODUCTION

In Count II of its Amended Complaint, Plaintiff in substance alleges that American Pork Producers, Inc., at all times relevant for this suit, engaged in the business of raising hogs at Igloo, South Dakota, without a certificate of authority issued by the Secretary of State of the State of South Dakota as required by law. Plaintiff's theory of recovery in Count II rests on S.D. C.L. 47–2–59 which states:

> All persons who assume to act as a corporation without authority so to do shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof.

Hence, Plaintiff Cargill, Inc., essentially seeks to hold the directors of American Pork Producers, Inc., personally liable for debts incurred while operating as a foreign corporation without a certificate of authority. Defendant Feurhelm through his attorney has moved to strike Count II on the theory that S.D.C.L. 47–2–59 pertains only to persons who purport to do business as a corporation without incorporating and is inapplicable to directors of foreign corporations even if they fail to comply with South Dakota law as to certification.

## FACTS

American Pork Producers, Inc. (American Pork), an Iowa corporation, received from the Secretary of State of the State of South Dakota a certificate of authority to do business on May 17, 1972. (Plaintiff's Exhibit 32). This certificate was revoked on September 1, 1973, under the provisions of S.D. C.L. § 47–8–26(1) because American Pork had failed to file an annual report as required by S.D.C.L. § 47–9–1. (Plaintiff's Exhibit 32.) American Pork again qualified to do business on January 17, 1975. (Plaintiff's Exhibit 40.) Consequently, it is not disputed that between the dates of September 1, 1973, and January 17, 1975, American Pork carried on a business at Igloo, South Dakota, without a certificate of authority. (Plaintiff's Exhibit 40.) Moreover, the debt on which Cargill is suing accrued during the time period in which the certificate to do business had been revoked by the South Dakota Secretary of State, and the named

individual defendants were directors of American Pork during the time period in which the debt accrued.

## QUESTION

Defendant's motion to strike Count II raises a question of law that can only be resolved by an exercise in statutory construction. The legal question presented is: WHETHER DIRECTORS OF A FOREIGN CORPORATION ARE, BY VIRTUE OF S.D.C.L. § 47–2–59, JOINTLY AND SEVERALLY LIABLE FOR DEBTS INCURRED IN THE CORPORATE NAME DURING A TIME PERIOD IN WHICH THE CORPORATION'S CERTIFICATE OF AUTHORITY TO DO BUSINESS WAS REVOKED ACCORDING TO LAW?

## CONCLUSION

■ A careful reading of the South Dakota statutes leads to the conclusion that the directors of a foreign corporation are *not* strictly liable as a matter of law for debts incurred in the corporate name while the corporation's certificate to do business was revoked.

## RATIONALE

The federal court is, of course, bound to apply South Dakota law in this diversity suit. The conclusion that we have reached is an attempt to understand and state South Dakota law: South Dakota has no cases construing S.D.C.L. § 47–2–59; in fact, the advocates in briefing this question found only two cases from other jurisdictions which construe § 146 of the Model Business Corporation Act, the source of S.D.C.L. § 47–2–59. This lack of case law and the theoretical possibility of divergent readings of the law have made it necessary to apply some principles of statutory construction to arrive at a clear understanding of S.D.C.L. 47–2–59.

■ First, it is a familiar doctrine that terms in a statute should be read in context; terms should not be torn out of context and read in isolation. If it appears that a term has a generally accepted mean-

ing standing alone, but a more particular meaning or a different meaning by use or connection in a statute, then the meaning that attaches from the context should be adopted as controlling. 73 Am.Jur.2d § 213.

■ Title 47 of S.D.C.L. sets out the South Dakota law on corporations; chapters 47–2 through 47–9 pertain to business corporations. In accord with the principal discussed, *supra*, these chapters should be read as an integrated body of law not as fragments. Plaintiff attempts to base liability on S.D.C.L. § 47–2–59 which states in relevant part:

> All persons who assume to act as a corporation without authority so to do shall be jointly and severally liable for all debts and liabilities . . . .

Plaintiff's argument necessarily assumes that the phrase "to act as a corporation" refers not only to conduct of persons who purport to do business as a corporation without incorporating, but also to conduct of directors of a foreign corporation which has not qualified to do business in South Dakota. Such a construction can only be accepted if the term "corporation" in S.D.C.L. § 47–2–59 refers to foreign corporations as well as domestic "corporate" activity without proper incorporation. Thus the first step in construing the statute is to examine the use of the term "corporation."

Definitions of terms as used in chapters 47–2 through 47–9 inclusive, are found in S.D.C.L. § 47–2–1:

> [U]nless the context otherwise *requires*, the term . . . "corporation" or "domestic corporation" means a corporation for profit subject to the provisions of said chapters, *except a foreign corporation*. S.D.C.L. § 47–2–1(1) (Emphasis added.)

Immediately after this definition, the term "foreign corporation" is separately defined. S.D.C.L. § 47–2–1(2). Unless the context *requires* a contrary construction, the term "corporation" in chapters 47–2 through 47–9 will refer only to domestic corporations and not foreign corporations. Therefore, unless the context requires a different conclusion, the phrase "to act as a corpora-

tion" in S.D.C.L. 47–2–59 must be construed as having reference to persons who purport to act as a domestic corporation and not to directors of a foreign corporation that fails to comply with South Dakota law.

■ The context fails to negate the presumption that "corporation" in S.D.C.L. § 47–2–59 refers only to domestic corporations; in reality, the context clearly indicates that foreign corporations are not included. The statute being considered is positioned in chapter 47–2 which is entitled "Business Corporations—Formation and General Powers," and deals with domestic as opposed to foreign corporations. Foreign corporations are separately dealt with in chapter 47–8. Thus a reading of the code as an integrated whole yields the conclusion that S.D.C.L. § 47–2–59 does not embody a legislative directive to impose personal liability on directors of foreign corporations that do business on South Dakota without certification; it refers only to persons who purport to act as a corporation without incorporating.

Our reliance on the statutory definitions and our emphasis of the immediate context are generally accepted methods of statutory construction, but are particularly justified in this instance by the directive of S.D.C.L. 2–14–4 which states:

> Whenever the meaning of a word or phrase is defined in any statute such definition is applicable to the same word or phrase wherever it occurs except where a contrary intention plainly appears.

A second reason for construing S.D.C.L. § 47–2–59 as we have done derives from the fact that South Dakota corporation law is in substance a uniform law; in substance the state has adopted the Model Business Corporations Act. S.D.C.L. § 2–14–13 states:

> Whenever a statute appears in the code of laws enacted by § 2–16–13 which, from its title, text, or source note, appears to be a uniform law, it shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it.

Therefore, it is necessary to look to the Model Business Corporations Act § 146 to determine what other jurisdictions have done with the source of S.D.C.L. § 47–2–59.

Plaintiff has cited us to two cases dealing with domestic corporations, or rather, persons who attempt to do business as a corporation without having completed the process required to bring a corporate entity into existence. Neither deals with foreign corporations. We have found no case law wherein § 146 has been used to hold directors of a foreign corporation liable for debts incurred when the corporation was operating without a proper certificate of authority.

This case law or lack of case law harmonizes with the purpose of the § 146 as stated in the comment following that section in the Model Business Corporations Act Annotated. The comment states:

> This section is designed to prohibit the application of any theory of de facto incorporation. The only authority to act as a corporation under the Model Act arises from completion of the procedures prescribed in Sections 53 to 55 inclusive . . . .. No other means being authorized, the effect of Section 146 is to negate the possibility of a de facto corporation. 2 MBCA Anno., § 146, par. 2, Comments (1971).

We conclude that the draftsmen intended § 146 to have a more narrow application than plaintiff suggests, and there is no reason to think that the South Dakota legislature intended to broaden the meaning of § 146 beyond that which the drafters of the uniform law intended. In fact, as we have noted, courts are told in S.D.C.L. § 2–14–13 to construe the uniform laws "to effectuate its general purpose to make uniform the law of those states which enact it."

■ States which do impose statutory liability on directors of a foreign corporation that fails to comply with registration requirements or has had its certificate revoked, do so by means of a statute that is specific and leaves no doubt as to what is intended. An example is the Code of Virginia which states:

If a foreign corporation transacts business in this State without a certificate of authority, its directors, officers and agents doing such business shall be jointly and severally liable for any contracts made or to be performed in this State between the time when it began to transact business in this State and the date when it obtains a certificate of authority. Code of Virginia § 13.1–119.

See the Annotated Laws of Massachusetts, C. 181, § 14; and the Idaho code, § 30–508 for examples of similar specificity. In short, § 146 of the Model Business Corporations Act (S.D.C.L. 47–2–59) is used to vitiate the old theory of de facto incorporation; and, liability is imposed upon directors of foreign corporations by statutes of greater specificity than § 146 of the Model Business Corporations Act. This Court cannot conclude that S.D.C.L. § 47–2–59, a verbatim copy of § 146, should have a construction that deviates sharply from the plain meaning of the comments and development of case law in other jurisdictions.

█ In the absence of a statute specifically directing liability there is a sound reason to conclude that in South Dakota directors should not be held personally liable for debts incurred while the certificate of authority was revoked; namely, that South Dakota under the general rules of comity recognizes the corporate status of a foreign corporation even though the formal requirements for doing business in the state have not been met. This is obvious throughout chapter 47–8. For example, S.D.C.L. 47–8–31 recognizes that the failure of a foreign corporation to obtain a certificate of authority does not prevent "such corporation" from defending any action in the courts of this state. S.D.C.L. 47–8–32 provides for a penalty for corporations which are uncertified. Thus the existence of a corporate entity is not denied because of failure to qualify as a corporation.

Old case law in other jurisdictions that allowed for the imposition of personal liability on directors of foreign corporations in the absence of a specific statute, e. g. Joseph T. Ryerson & Son v. Shaw, 277 Ill. 524, 115 N.E. 650 (1917); 51 A.L.R. 385, was based on the theory that a corporation had no existence in a foreign jurisdiction where it had not qualified to do business; consequently, directors or officers were deemed to be acting for a nonexistent principal and were held liable on contracts as partners. The theory can have no application in a jurisdiction where the existence of noncomplying foreign corporations is statutorily recognized. Hence, in South Dakota, American Pork remained a recognized foreign corporation even though its certificate was revoked. Imposition of liability on the theory that the directors were acting as agents for a nonexistent principal would contravene South Dakota law.

In discussing the rationale for the statutory construction herein recommended, we have discussed the law in reference to "directors." The fact that certain directors were also officers and simultaneously stockholders is noted but makes no difference as to the legal question presented.

In summary, plaintiff is attempting to predicate liability for the directors of American Pork on the language of S.D.C.L. § 47–2–59. The argument does not stand when the South Dakota law on corporations is read as an integrated whole. Without a statute specifically imposing liability, there is no viable theory by which the individual defendants in this case can be held strictly liable for debts incurred while doing business without a certificate of authority.

The foregoing shall constitute this Court's findings of fact and conclusions of law. For the reasons herein stated, this Court ORDERS that the motion to strike Count II of plaintiff's amended complaint be and hereby is granted.