**Leonard F. KING, Plaintiff,**

v.

**Captain MEEKINS, et al., Defendants.**

**Civ. A. No. 82–2231.**

United States District Court,
District of Columbia.

April 9, 1984.

Benjamin Cohen, Bureau of Competition, F.T.C., Washington, D.C., for plaintiff.

Roberta L. Gross, Asst. Corp. Counsel, Washington, D.C., for defendants.

## MEMORANDUM ORDER

JUNE L. GREEN, District Judge.

This matter is before the Court on defendants Captain Meekins and Correctional Officers Daniels and Carroll's motion to dismiss the complaint or, in the alternative, for summary judgment, plaintiff's opposition thereto, and the entire record herein. For the reasons stated below, the Court denies defendants' motion to dismiss the complaint or, in the alternative, for summary judgment.

Plaintiff filed the instant action as a *pro se* litigant,[1] on August 9, 1982, under 42 U.S.C. § 1983. Plaintiff alleges that on June 22, 1982, while he was incarcerated at Lorton Reformatory's Maximum Security Facility, he had an altercation with Correctional Officer Carroll. Plaintiff alleges that he was subdued from behind in a "choker-hold" by Correctional Officer Daniels while other officers attacked him "with slapjacks, flashlights, fists, and feet." Complaint at Part III. Plaintiff further alleges that he was handcuffed and "dragged out of the unit (NORTH ONE) onto the service elevator, where four Officers proceeded to beat on [him] ...." *Id.* Finally, plaintiff alleges that after being interviewed by the doctor at the jail, he was returned to unit North One and questioned by Captain Meekins "as to his motive of action" and then attacked by Captain Meekins while he was still handcuffed. *Id.*

Defendants have filed a motion to dismiss or, in the alternative, for summary judgment, contending, *inter alia,* that all actions taken with regard to plaintiff on June 22, 1982, were taken in self-defense or defense of others and that any force applied by the correctional staff towards plaintiff was reasonable and in an effort to maintain and restore order.

■ The Court is unable to "say with assurance that under the allegations of the *pro se* complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.'" *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)) (case citation omitted). Accordingly, the Court must deny defendants' motion to dismiss the complaint. Plaintiff is entitled to present evidence in support of his allegations.

■ Defendants also move, in the alternative, for summary judgment. A party is entitled to summary judgment if there is no genuine issue as to any material fact. Fed. R.Civ.P. 56(c). In the instant case, genuine issues as to material facts exist, thus precluding summary judgment. Defendants do not address in their motion for summary judgment plaintiff's allegations that he was beaten not only immediately after he had the altercation with Correctional Officer Carroll but also on two subsequent occasions, first in the elevator and then in an office. Plaintiff's allegations that he was beaten on these two occasions and that excessive force was used both on these occasions and when plaintiff was initially subdued by defendants in unit North One present genuine issues of material fact. *See Tomarkin v. Ward,* 534 F.Supp. 1224, 1236 (S.D.N.Y.1982). The Court also notes that "[e]ven if [plaintiff] were the original aggressor, that fact does not necessarily entail the further conclusion that his jailers did not respond with excessive force." *Ridley v. Leavitt,* 631 F.2d 358, 359 (4th Cir.1980) (case citation omitted). Because genuine issues as to material facts exist, the Court must deny defendants' motion for summary judgment.

Accordingly, it is by the Court this 9th day of April 1984,

ORDERED that defendants Captain Meekins and Correctional Officers Daniels and Carroll's motion to dismiss the complaint, or in the alternative, for summary judgment be and hereby is denied.

---

**1.** Since the filing of this complaint, counsel has been appointed to represent plaintiff. *See* Order (filed September 2, 1983, *nunc pro tunc* August 22, 1983).