**Willie James PRICE, Plaintiff,**

v.

**PHOENIX HOME LIFE INSURANCE COMPANY, et al., Defendants.**

**No. CIV.A.98–1667RMU.**

United States District Court, District of Columbia.

March 22, 1999.

Willie James Price, Landover, MD, pro se.

Gerald F. Treanor, Venable, Baetjer, Howard & Civiletti, L.L.P., Ronald S. Liebman, Patton Boggs, L.L.P., Washington, DC, for Defendants.

## MEMORANDUM OPINION

URBINA, District Judge.

**Granting the Defendants Phoenix and MetLife's Motions to Dismiss the Complaint and Denying the Plaintiff's Motion to Amend the Complaint.**

## I. INTRODUCTION

This matter comes before the court on the motions of Defendants Phoenix Home Life Mutual ("Phoenix") and Metropolitan Life Insurance Company's ("MetLife") to dismiss and on the plaintiff's motion to amend the complaint. The court grants the motions to dismiss due to lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. The court denies the motion to amend the complaint since it lacks subject matter jurisdiction.

## II. BACKGROUND

Willie James Price, a resident of Landover, Maryland, brings this *pro se* action against two insurance companies, Phoenix and MetLife, and the State of Maryland. The plaintiff asserts three claims: (1) breach of contract, (2) fraud, and (3) civil rights violations.

In 1960, when the plaintiff resided in the District of Columbia, he purchased a life insurance policy (636402283M) with three riders from MetLife. In 1970 MetLife issued policy number 707036285A1 to the plaintiff. This policy effectively replaced one of the riders from policy number 636402283M. MetLife then changed policy 636402283M to a three thousand dollar life insurance policy for the plaintiff. (Compl. at 3.) In 1975, MetLife issued a third policy (750645461M) to the plaintiff. (*Id.* at 4.) The plaintiff states in his complaint that he sent the three policies to MetLife for cash surrender with a cash value of approximately thirty-five thousand dollars.[1] (*Id.*) The plaintiff states that MetLife paid the plaintiff approximately fourteen thousand dollars on the policies. (*Id.*) The plaintiff had a dispute with MetLife regarding the cost of living rider. (*Id.* at 5.) The plaintiff then filed a claim with the Maryland Insurance Commissioner to which the insurance company responded.[2] (*Id.*) In 1997 the plaintiff requested, but has yet to receive, a hearing with the commissioner's office. (*Id.* at 6.) In 1987, Phoenix issued two new policies to the plaintiff. (*Id.* at 5.) The plaintiff also disputed the cost of living rider with Phoenix. (*Id.*)

The plaintiff filed three suits in Maryland's District Court. That court determined that the complaint lacked merit and dismissed the plaintiff's claims. The Circuit Court of Maryland affirmed this decision in December 1988. (*Id.* at 4.)

In 1998, the plaintiff filed suit in this court bringing three claims against each defendant: (1) breach of contract, (2) five counts of fraud, and (3) civil rights violations. Phoenix filed a motion to dismiss or in the alternative to transfer to the United States District Court for the District of

---

1. The complaint did not articulate the date that this occurred.

2. The plaintiff provided a letter from the Maryland Insurance Administration stating that it determined that MetLife's actions did not violate Maryland Insurance Laws and that this decision was a final decision at the administrative level. The letter also indicates that the plaintiff could request a hearing to challenge this decision within thirty days. (Pl.'s Answer to Defs.' Mot. to Dismiss.)

Maryland. Phoenix argues for dismissal based on: (1) lack of subject matter jurisdiction, (2) improper venue, and (3) failure to state a claim upon which relief can be granted. Subsequently, the plaintiff filed a motion to amend the complaint to include claims of negligence and fifteen counts of fraud. Phoenix opposes the plaintiff's motion to amend the complaint. MetLife filed a motion to dismiss or in the alternative to transfer to the United States District Court for the District of Maryland and asserts the same arguments presented in Phoenix's motion to dismiss.

## III. DISCUSSION

### A. Legal Standard

#### 1. Motion to Dismiss

A motion to dismiss does not test whether the plaintiff will prevail on the merits, but instead whether the claimant has properly stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). In deciding on such a motion, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir.1996). However, the court need not accept as true the plaintiff's legal conclusions. *See Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *see also Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

#### 2. Standard for a *Pro Se* Complaint

 A *pro se* complaint is held to a less stringent standard than formal pleadings drafted by lawyers. *See King v. Meekins*, 593 F.Supp. 59, 60 (D.D.C.1984) (quoting *Haines v. Kerner*, 404 U.S. 519,

520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). For example, the court is required to read *pro se* complaints liberally and broadly. *See Haines*, 404 U.S. at 519, 92 S.Ct. 594. Also, a *pro se* complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See id.* at 520, 92 S.Ct. 594. Still, *Wilson v. Civil Town of Clayton*, 839 F.2d 375, 378–79 (7th Cir.1988), instructs us that although a court should read a *pro se* plaintiff's complaint liberally, a *pro se* plaintiff must at least meet a minimal standard of pleading in the complaint.

### B. Analysis

#### 1. Defendants Phoenix and MetLife's Motions to Dismiss

Phoenix and MetLife argue that the case should be dismissed due to: (1) lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1); (2) improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3); and (3) failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The plaintiff answered Phoenix's motion to dismiss arguing that subject matter jurisdiction is satisfied because: (1) in 1960, the plaintiff lived in the District of Columbia, (2) the plaintiff signed the first policy issued by MetLife in the District of Columbia, and (3) MetLife operates an office in the District of Columbia. (Pl.'s Resp. to Phoenix's Mot. to Dismiss at 3.) The plaintiff states that subject matter jurisdiction is also satisfied because he has asserted claims of fraud and violations of civil rights regarding race. (*Id.;* Pl.'s Second Resp. to Phoenix's Mot. to Dismiss.)

Subject matter jurisdiction is satisfied if an issue arises under the Constitution, laws or treaties of the United States, or if diversity exists between the parties and the amount in controversy is satisfied. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1332.

Therefore, in order to entertain the plaintiff's suit, this court must have subject matter jurisdiction. The plaintiff can establish subject matter jurisdiction by demonstrating that he has met the requirements necessary to confer jurisdiction based on (1) diversity or (2) federal question.

### a. Diversity Jurisdiction

■ The district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of seventy-five thousand dollars, and the suit is between citizens of different states. *See* 28 U.S.C. § 1332. Diversity of citizenship requires complete diversity in which no opposing parties may be citizens of the same state. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Diversity of citizenship is assessed at the time the suit is filed. *See Freeport–McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428–29, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991).

■ When a federal court's subject matter jurisdiction is dependent solely on diversity jurisdiction and the court finds that complete diversity does not exist, the court must dismiss the suit. *See Fox v. Board of Trustees of the State Univ. of New York*, 42 F.3d 135, 140 (2d Cir.1994). In the instant case, the plaintiff and one defendant, the State of Maryland, were both citizens of Maryland at the time this action commenced. Thus, because diversity is assessed at the time the suit is filed, *see Freeport–McMoRan*, 498 U.S. at 428–29, 111 S.Ct. 858, complete diversity does not exist. Therefore, the case must be dismissed unless subject matter jurisdiction exists through federal question jurisdiction.

### b. Federal Question Jurisdiction

The plaintiff's claims of breach of contract and fraud are state law claims and thus, do not arise under the Constitution or laws of the United States. Accordingly, subject matter jurisdiction for these claims cannot be predicated on a federal question. However, the court could exercise pendent jurisdiction over these claims if subject matter jurisdiction existed over another claim in the complaint.

The plaintiff claims that jurisdiction is proper in this court because the complaint includes civil rights claims, and therefore this court has federal question jurisdiction. Phoenix and MetLife challenge the plaintiff's civil rights claims based on the plaintiff's failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). More specifically, Phoenix and MetLife assert that the plaintiff has not specified how they violated the. plaintiff's civil rights.

■ The court has reviewed the complaint and finds that it fails to aver any type of discrimination, differential treatment, preference, prejudice· or any other phrase invoking language of a civil rights violation. In *Wilson*, the court held that the *pro se* plaintiff's complaint alleging equal protection violations failed to state a claim upon which relief can be granted because the plaintiff failed to allege facts to support the claim, and the plaintiff did not use any words or phrases invoking the Equal Protection Clause of the Fourteenth Amendment, such as equal protection, discrimination, differential treatment, preference, or prejudice. *See Wilson*, 839 F.2d at 379. The plaintiff in *Wilson* only stated, "the above said actions violate plaintiff's civil rights under the United States Constitution." *Id.* The *Wilson* court held that the *pro se* plaintiff failed to state an equal protection claim upon which relief could be granted, and the court dismissed the claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *Id.*

In the instant case the plaintiff makes only two conclusory statements regarding civil rights violations. In this respect, the plaintiff states "this Federal Court Have Jurisdiction Under Breach of Contract an U.S. Statute Rule 440 Civil Right Law [sic]." (Compl. at 2.) Also, in· a submission

filed in response to the motions to dismiss, the plaintiff mentions the term "race issues." (Pl.'s Second Resp. to Phoenix's Mot. to Dismiss.) Specifically, the plaintiff states, "federal jurisdiction in this action is Civil Right an Fraud the Complaint have Race Issues that Plaintiff did not use [sic]." (*Id.*) He states no specific law on which he bases this claim other than civil rights violations based on Rule 440. The court was unable to find such a rule relating to civil rights. A conclusory statement without any facts alleged to support it is simply insufficient. *See Wilson,* 839 F.2d at 379. The court concludes that the plaintiff's civil rights claims are conclusory, and the plaintiff does not state a claim upon which relief can be granted.

Accordingly, the court grants the defendants' motions to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

### 2. The Plaintiff's Motion to Amend Complaint

■ Under certain circumstances, a plaintiff may rescue an otherwise deficient complaint by amending it. Once a responsive pleading is served, a party may amend the party's pleading by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. *See* Fed.R.Civ.P. 15(a). If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, the plaintiff ought to be afforded an opportunity to test his claim on the merits. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). However, when the plaintiff attempts to add a futile amendment to the complaint, the court does not abuse its discretion when it denies leave to amend the complaint. *See Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C.Cir.1996); *Foman,* 371 U.S. at 182, 83 S.Ct. 227. An amendment is futile if the complaint as amended would not survive a motion to dismiss. *See Monroe v. Williams,* 705 F.Supp. 621,

623 (D.D.C.1988); *James Madison Ltd. v. Ludwig,* 82 F.3d 1085, 1099 (D.C.Cir.1996).

In the present case, the plaintiff's motion to amend the complaint asserts a claim of negligence for each defendant and increases the counts of fraud to fifteen for each defendant. Phoenix opposes this motion by arguing that the plaintiff's amended complaint fails to establish subject matter jurisdiction.

■ The plaintiff's amendment is futile because the claims encompassed by it will not cure the deficiencies of the original complaint, namely lack of subject matter jurisdiction. As discussed above, subject matter jurisdiction is satisfied if an issue arises under the Constitution, laws or treaties of the United States, or if diversity exists between the parties and the amount in controversy is satisfied. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1332. In the case at bar, because the plaintiff seeks to add state law claims of fraud and negligence to the complaint, the proposed amended complaint would have to cure the diversity of citizenship deficiency suffered by the original complaint in order to satisfy the requirements of subject matter jurisdiction. The complete diversity requirement is still not satisfied because the proposed amended complaint does not add or delete any parties named in the original complaint. The plaintiff and the State of Maryland, a defendant, are both Maryland entities. Accordingly, amending the complaint would be futile because the plaintiff's proposed amendments would not correct the deficiency in the original complaint (lack of subject matter jurisdiction). Therefore, the court denies the plaintiff's motion to amend the complaint.

### IV. CONCLUSION

For the reasons stated above, the court rules that subject matter jurisdiction does not exist, and the plaintiff failed to state a claim upon which relief can be granted. Accordingly, the court grants Defendants Phoenix and MetLife's motions to dismiss the complaint. Further, the court finds

the plaintiff's proposed amended complaint would not cure the deficiencies of the original complaint. Consequently, the court denies the plaintiff's motion to amend the complaint. An appropriate order directing the parties in a fashion consistent with this memorandum opinion is separately and contemporaneously issued this 22 day of March, 1999.