Willie James PRICE, Plaintiff,

v.

**CRESTAR SECURITIES CORPORATION, et al., Defendants.**

Civil Action No. 98–1045(RMU).

United States District Court, District of Columbia.

March 31, 1999.

Willie James Price, Landover, MD, pro se.

Glenn H. Silver, Silver & Brown, Fairfax, VA, Terri L. Reicher, National Association of Securities Dealers, Inc., Washington, DC, for defendants.

Sharon Stanczak, Vienna, VA, pro se.

## *MEMORANDUM OPINION*

URBINA, District Judge.

**Granting the Defendants' Motions to Dismiss the Plaintiff's Civil Rights Violation Claim;**

**Allowing Ratification by, or Joinder or Substitution of, the Real Party in Interest;**

**Denying Without Prejudice the Plaintiff's Motions to Amend the Complaint.**

## I. INTRODUCTION

This matter comes before the court on the motions to dismiss the complaint by Defendants Crestar Securities Corporation ("Crestar"), Thomas C. Kane, William B. Thompson, James Lindsay, Jr., and National Association of Securities Dealers ("NASD") and the motions to amend the complaint by the *pro se* plaintiff.[1] The plaintiff asserts claims of fraud, negligence, and civil rights violations. The court grants the defendants' motions to dismiss the plaintiff's civil rights violation claim for failure to state a claim upon which relief can be granted. The court will allow the plaintiff to join or substitute the real party in interest, Alice Price, or allow the real party in interest to ratify the commencement of this action. If one of these acts are not completed on or before April 30, 1999, the court will dismiss the complaint for failure to name a real party

---

1. The plaintiff does not list NASD in the caption of the complaint, but the text of the complaint includes NASD as a party. Additionally, in subsequent filings, the parties, including NASD, submitted documents naming NASD as a defendant. Based on the latitude with which a court must read a *pro se* complaint, the court shall treat NASD as a party to this action. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

in interest. The court denies without prejudice the plaintiff's motions to amend the complaint for failure to cure a deficiency in the original complaint.

## II. BACKGROUND

In May 1993, the plaintiff met with Defendant Stanczak, an Investment Officer for Crestar Securities, to discuss investment options for the plaintiff's wife, Alice Price. (Compl. at p. 3; Compl. Ex. 1.) Alice Price, who is not a party to this action, completed and signed a New Account Information form dated May 4, 1993, indicating that she was establishing an individual account with Crestar. (*Id.*) Alice Price also completed and signed a document entitled "Trading Authorization Limited to Purchases and Sales of Securities" that authorized the plaintiff to act as her agent or attorney-in-fact regarding transactions on the account. (Defs. Crestar and Kane's Mot. to Dismiss Ex. B.) The plaintiff alleges that at the meeting with Defendant Stanczak in May, the plaintiff told Defendant Stanczak not to purchase shares in the Eaton Vance Marathon Maryland Tax Free Fund ("the Fund"). (Compl. at p. 3.) Nonetheless, Defendant Stanczak purchased approximately $82,000 worth of shares in the Fund in Alice Price's name on May 4, 1993. (Compl. Ex. 1 at 2; Defs. Crestar and Kane's Mot. to Dismiss Ex. A.) One week after the initial purchase, the plaintiff purchased additional shares of the Fund totaling $25,000 in Alice Price's name. (Compl. Ex. 1 at 2.) Alice Price sold the fund in August 1995 and incurred early withdrawal penalties for selling shares of the Fund before seven years had elapsed. (Compl.Ex. 1.)

In September 1995, the plaintiff sent a letter expressing his concerns about the early surrender penalty. (Compl.Ex. 1.) On January 29, 1996, Defendant Kane responded to the plaintiff's letter by stating that the plaintiff received a prospectus explaining the early surrender penalty at the signing. (*Id.*) The plaintiff alleges that in the letter Defendant Kane intended to "cover up the wrongful act done by Mrs. Stanczak." (Compl. at p. 3.)

On December 31, 1996, the plaintiff filed a customer complaint with Defendant NASD. (Defs. NASD, Thompson and Lindsay's Mem. in Supp. of Mot. to Dismiss at 4.) Defendant Thompson, NASD's Vice President, forwarded the complaint to Defendant Lindsay, Supervisor of Examiners, for review. On January 30, 1997, NASD notified the plaintiff that NASD had exercised its regulatory discretion not to pursue the plaintiff's complaint regarding his wife's account because a significant amount of time had elapsed between the events the plaintiff complained of and the time he filed the complaint. (*Id.;* Compl. Ex. 2.)

The plaintiff filed this *pro se* action against Crestar and its employees Sharon Stanczak (appearing *pro se* ) and Thomas Kane, and NASD and its employees William Thompson and James Lindsay. The plaintiff asserts claims of fraud, negligence, and civil rights violations. Specifically, the plaintiff alleges that Defendant Stanczak was negligent and reckless by selling shares of the Fund to the plaintiff. The plaintiff alleges that Defendants Stanczak and Kane made fraudulent misrepresentations about the early surrender penalty and about the Fund not being part of the stock market. The plaintiff also alleges that Defendants NASD, Thompson and Lindsay acted recklessly when they dismissed the plaintiff's complaint.

## III. DISCUSSION

### A. Defendants Crestar, Kane, NASD, Thompson and Lindsay's Motions to Dismiss

#### 1. Civil Rights Violation

The defendants argue that the plaintiff's civil rights violation claim should be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

### a. Legal Standard

A motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) does not test whether the plaintiff will prevail on the merits, but instead whether the claimant has properly stated a claim. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In deciding such a motion, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *See Antonelli v. Sheahan,* 81 F.3d 1422, 1427 (7th Cir.1996). However, the court need not accept as true the plaintiff's legal conclusions. *See Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

The plaintiff in this matter is proceeding *pro se.* A *pro se* complaint is held to a less stringent standard than formal pleadings drafted by lawyers. *See King v. Meekins,* 593 F.Supp. 59, 60 (D.D.C.1984) (quoting *Haines,* 404 U.S. at 520, 92 S.Ct. 594). For example, the court is required to read *pro se* complaints liberally and broadly. *See Haines,* 404 U.S. at 519, 92 S.Ct. 594. Also, a *pro se* complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See id.* at 520, 92 S.Ct. 594. Still, *Wilson v. Civil Town of Clayton,* 839 F.2d 375, 378–79 (7th Cir.1988), stands for the proposition that although a court will read a *pro se* plaintiff's complaint liberally, a *pro se* plaintiff must at least meet a minimal standard of pleading in the complaint.

### b. Analysis

The defendants assert that the plaintiff has not specified how they violated the plaintiff's civil rights or what civil rights law they violated. In *Wilson,* the court held that the *pro se* plaintiff's complaint alleging equal protection violations failed to state a claim upon which relief could be granted because the plaintiff failed to allege facts to support the claim, and the plaintiff did not use any words or phrases invoking the Equal Protection Clause of the Fourteenth Amendment, such as equal protection, discrimination, differential treatment, preference, or prejudice. *See id.* at 379. The plaintiff in *Wilson* stated only, "the above said actions violate plaintiff's civil rights under the United States Constitution." *Id.* The *Wilson* court held that the *pro se* plaintiff failed to state an equal protection claim upon which relief could be granted, and the court dismissed the claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *Id.*

Similarly, the plaintiff in the case at bar makes only a conclusory statement regarding a civil rights violation. In this respect, the plaintiff states "Plaintiff Demand One Hundred Thousand Dollar each Defendant Civil Rights Charge [sic]." (Compl. at p. 5.) The court has reviewed the complaint and finds that it fails to mention any type of discrimination, differential treatment, preference, prejudice or any other phrase invoking language of a civil rights violation. The plaintiff states no specific law on which he bases this claim other than "Rule 440 Under the Civil Statute." (Compl. at p. 3; *see also* Pl.'s First Mot. to Amend the Compl. at p. 1 (citing "US Statute 440 Civil Rights Law").) The court was unable to find such a rule relating to civil rights. A conclusory statement without any facts alleged to support it is simply insufficient. *See Wilson,* 839 F.2d at 379.

Accordingly, the court concludes that the plaintiff's civil rights claim is conclusory, and therefore the plaintiff does not

state a claim upon which relief can be granted. Consequently, the court grants Defendants NASD, Thompson, Lindsay, Crestar and Kane's motions to dismiss the plaintiff's civil rights violation claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## 2. Fraud and Negligence

■ The defendants argue that the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 17(a) because the plaintiff is not the real party in interest.

### a. Legal Standard

Federal Rule of Civil Procedure 17(a) requires that:

> Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought; and when a statute of the United States so provides, an action for the use or benefit of another shall be brought in the name of the United States. *No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest;* and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Fed.R.Civ.P. 17(a) (emphasis added). The function of this rule is to "protect the defendant against a subsequent action by the party actually entitled to recover, and to ensure generally that the judgment will have its proper effect as *res judicata*." *See* Fed.R.Civ.P. 17(a) advisory committee's note.

### b. Analysis

The real party in interest is the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery. *See United States v. 936.71 Acres of Land,* 418 F.2d 551, 556 (5th Cir.1969). Alice Price, not Willie James Price, possesses the substantive right sought to be enforced. Alice Price is the only person who has an ownership interest in the shares of the Fund that are the subject of this complaint. Shares of the Fund were purchased in her name. Alice Price completed and signed a New Account Information form indicating that she was opening an individual account. She did not write a name in the box for a co-applicant, and only her signature appears on the New Account Information form. (Defs. Crestar and Kane's Mot. to Dismiss Ex. A.) The name and social security number on the account statement is that of Alice Price. (Compl.Ex. 3.)

Alice Price completed and signed the "Trading Authorization Limited to Purchase and Sales of Securities" that named the plaintiff as attorney-in-fact and agent for Alice Price regarding transactions on her account with Crestar.

This authorization enabled the plaintiff to:

> sell, ... purchase, exchange, convert, tender, trade, or otherwise acquire or dispose of stocks, bonds, and any other securities including the purchase and/or sale of option contracts ... to open new option positions or close existing positions, to exercise option contracts and to sell option contracts as either a covered or uncovered writer, and/or contracts relating to the same on margin or otherwise in accordance with (the) terms and conditions for (Alice Price's) account and risk in (Alice Price's) name and/or number on (the) books.

(Defs. Crestar and Kane's Mot. to Dismiss Ex. B.)

The plaintiff has no ownership interest in the shares of the Fund, but is simply authorized to conduct transactions on behalf of Alice Price. For these reasons, the court concludes that Alice Price is the real party in interest. Finally, the court observes that the complaint itself, a handwritten document, originally had Alice Price's name in the caption as a plaintiff. Prior to filing the complaint, however, someone crossed her name off. This action is not determinative, but it may indicate a reluctance on her part to bring this action.

Having concluded that Alice Price is the real party in interest, the court exercises its authority under Federal Rule of Civil Procedure 17(a) and in the interest of justice will allow a reasonable time for the real party in interest to be joined or substituted or to ratify the commencement of the action. If, on or before April 30, 1999, Alice Price is not joined or substituted, or has not ratified this action, the court will dismiss this suit for failure to name the real party in interest.

### B. The Plaintiff's Motions to Amend Complaint

#### 1. Legal Standard

Under certain circumstances, a plaintiff may rescue an otherwise deficient complaint by amending it. Once a responsive pleading is served, a party may amend the party's pleading by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. *See* Fed.R.Civ.P. 15(a). If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, the plaintiff ought to be afforded an opportunity to test his claim on the merits. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). However, when the plaintiff attempts to add a futile amendment to the complaint, the court does not abuse its discretion when it denies leave to amend the complaint. *See Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C.Cir.1996); *Foman,*

371 U.S. at 182, 83 S.Ct. 227. An amendment is futile if the complaint as amended would not survive a motion to dismiss. *See Monroe v. Williams,* 705 F.Supp. 621, 623 (D.D.C.1988); *James Madison Ltd. v. Ludwig,* 82 F.3d 1085, 1099 (D.C.Cir.1996).

#### 2. Analysis

In the present case, the plaintiff's two motions to amend the complaint assert a breach of contract claim and increase the counts of fraud to twelve for each defendant. Defendants NASD, Thompson and Lindsay oppose these motions.

The plaintiff's amendments are futile because the claims encompassed by it will not cure the deficiencies of the original complaint, namely failure to name the real party in interest. As discussed above, the real party in interest is the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery. *See 936.71 Acres of Land,* 418 F.2d at 556. In the case at bar, the plaintiff seeks to add claims for breach of contract and fraud. These amendments do not change the fact that the real party in interest is not named as a party to this suit.

Accordingly, amending the complaint would be futile. Therefore, the court denies without prejudice the plaintiff's motions to amend the complaint. Should the real party in interest be joined or substituted or ratify this action on or before April 30, 1999, the plaintiff may again file a motion to amend the complaint.

### IV. CONCLUSION

For the reasons stated above, the court grants Defendants NASD, Thompson, Lindsay, Crestar and Kane's motions to dismiss the plaintiff's civil rights violation claim. In addition, the court concludes that the plaintiff has failed to name the real party in interest, Alice Price. In the interest of justice, the court will allow the plaintiff until April 30, 1999 to join or substitute Alice Price, or to have Alice Price ratify the commencement of this ac-

tion. If one of these options does not occur on or before April 30, 1999, the court will dismiss the suit. Finally, the court concludes that the plaintiff's proposed amendments to the complaint do not cure the deficiencies of the original complaint. Consequently, the court denies without prejudice the plaintiff's motions to amend the complaint.