**BDC CAPITAL PROPERTIES, L.L.C., Plaintiff,**

v.

**Quan TRINH, Defendant.**

**No. CIV.A.03–0935(RMC).**

United States District Court, District of Columbia.

March 8, 2004.

Bryn H. Sherman, Deckelbaum, Ogens & Raftery, Chartered, Bethesda, MD, for Plaintiff.

Jeffrey D. Goldstein, David W. Lease, Smith, Lease & Goldstein, LLC, Rockville, MD, for Defendant.

## MEMORANDUM OPINION

COLLYER, District Judge.

Washington Work, Inc., a Maryland corporation certified to do business in the District of Columbia, rented office space on Wisconsin Avenue from BDC Capital Properties, L.L.C., in August 1992. Because the corporation failed to stay current on its rent payments, BDC re-took possession of the premises in the fall of 2000. BDC sued Washington Work in April 2001 for damages. The parties reached a Stipulation of Settlement ("Settlement") in June 2002, pursuant to which Washington Work was to make monthly payments to settle its rent arrearage; despite the Settlement, no such payments were forthcoming. BDC has now sued Quan Trinh, president of Washington Work during the relevant time-frame, alleging that he is liable for the corporation's debt.

Mr. Trinh has filed a motion to dismiss for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). After careful review of the parties' arguments and the undisputed facts, the Court finds that the motion has merit and should be granted.

## BACKGROUND FACTS

Washington Work first rented space from BDC located at 5028 Wisconsin Avenue, N.W., Washington, D.C., under an August 28, 1992, Agreement of Lease.[1] This Lease was amended on January 7, 1993, September 10, 1996, and September 26, 1996. From the time the lease was executed through September 10, 2001, Washington Work maintained a Certificate of Authority to do business in the District of Columbia. In April 2000, prior to the revocation of Washington Work's Certificate of Authority, Washington Work defaulted on the lease by failing to pay rent. BDC obtained a judgment for possession of the premises against Washington Work in the Superior Court of the District of Columbia. BDC then filed suit against Washington Work on April 25, 2001, seeking a monetary judgment for amounts owed under the lease. *BDC Capital Props., L.L.C. v. Washington Work, Inc.,* CA No. 01–0003197 (D.C.Super.Ct.). On or about July 26, 2002, Washington Work, through counsel, executed the Settlement which required it to make a series of payments totaling $150,000.000 starting in August 2002. The Settlement also provided that if Washington Work failed to make the required payments, a Consent Judgment in the amount of $340,000.00 would be entered in the Superior Court. When Washington Work failed to make even the first payment, a Consent Judgment was entered by the Superior Court on September 30, 2002. Mr. Trinh, as President of

Washington Work, signed the Consent Judgment.

This lawsuit was filed in April 2003.

## LEGAL STANDARDS

Mr. Trinh has filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). A Rule 12(b)(6) motion "tests the legal sufficiency of the complaint." *ACLU Found. of S. Cal. v. Barr,* 952 F.2d 457, 472 (D.C.Cir. 1991). Under 12(b)(6), a court "does not test whether the plaintiff will prevail on the merits, but instead whether the claimant has properly stated a claim." *Price v. Crestar Secs. Corp.,* 44 F.Supp.2d 351, 353 (D.D.C.1999). In reviewing such a motion, the court accepts the allegations in the non-movant's pleading as true and draws all reasonable inferences in the non-movant's favor. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Sinclair v. Kleindienst,* 711 F.2d 291, 293 (D.C.Cir.1983). However, the court need not accept as true plaintiff's legal conclusions. *See Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). A complaint may not be dismissed on a Rule 12(b)(6) motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley,* 355 U.S. at 45–46, 78 S.Ct. 99.

## ANALYSIS

■ BDC rests its claims against Mr. Trinh on D.C. CODE ANN. § 29–101.139 (2001 ed.),[2] which provides that persons who "assume to act as a corporation without authority to do so shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof." It argues that the rescission of Washington

---

1. The facts are not in dispute.

2. § 29–101.139 recodified without change former D.C. CODE.1973 § 29–950.

Work's Certificate of Authority in September 2001 necessarily means that Mr. Trinh "act[ed] as a corporation without authority" after that date and is thereby personally liable for all debts of the corporation arising out of the Settlement and/or Consent Judgment (and unpaid rent) which postdate that month. Opp. at 4–5. Mr. Trinh cites *A. Tasker, Inc. v. Amsellem*, 315 A.2d 178 (D.C.1974), for the proposition that persons acting on behalf of a corporation that does not possess a certificate of authority are not personally liable for the corporation's debts. Motion at 4.

The exact timing of events is important to the resolution of this case.

- April 2000: Washington Work defaulted on lease
- Fall 2000: BDC obtained a judgment for possession and Washington Work left the premises
- April 2001: BDC sued Washington Work for amounts due under the lease
- September 10, 2001: Washington Work's Certificate of Authority in D.C. revoked
- July 2002: Counsel for Washington Work executed Settlement
- August 2002: Washington Work failed to make the first payment under the Settlement
- September 2002: Consent Judgment entered against Washington Work, signed by Mr. Trinh as president
- October 2002: Washington Work's corporate charter in Maryland forfeited

Based on this history and D.C. CODE ANN. § 29–101.139, Count I of the complaint would hold Mr. Trinh liable for the Consent Judgment in the amount of $340,000 because the Stipulation and Judgment were executed after the Certificate of Authority was revoked. Count II would reopen the Consent Judgment and hold Mr. Trinh liable for Washington Work's nonpayment of rent under the lease for the period September 10, 2001 through January 1, 2003, because of the revocation of the Certificate of Authority.

As argued by Mr. Trinh, *Tasker v. Amsellem* provides an authoritative interpretation of D.C. law and precludes this suit.[3] In that case, a mechanical contracting firm obtained a default judgment against Normandie Builders, Inc., the builder that had hired it. Normandie Builders had no certificate of authority to do business in the District of Columbia. When the judgment was not paid, the contractor sued the officers and directors of Normandie Builders, arguing that they were "jointly and severally liable ... 'as a result of their unwarranted assumption of corporate powers within the District of Columbia.'" 315 A.2d at 179. Framing the question as "whether failure [to obtain a certificate of authority] results in the withdrawal of the recognition of a foreign corporation's existence," the D.C. Court of Appeals concluded, "We think it does not." *Id.* at 180. In other words, persons who act as if they were a corporation when they have no such authority (because, for instance, the corporation does not exist), will be held personally liable for such debts as they incur. But persons properly authorized who act for an actual foreign corporation will not be held personally liable for corporate debt even if the corporation has failed to obtain a certificate of authority to do business in D.C.[4] Despite

---

3. At the time of *Tasker*, the D.C.Code section at issue was found at § 29–950. Although it has been renumbered, its text remains the same and *Tasker* remains good law.

4. *Tasker* turned to D.C.Code 1973 § 29–934f (now § 29–101.139) to find that a corporation cannot maintain a legal action in D.C. if it has no certificate of authority and will be liable for fees and penalties, but that its contracts and other acts remain valid. *Id.*

its lack of a certificate of authority from D.C., a foreign corporation remains in existence and can continue to rely on its corporate form to protect its officers from personal liability for corporate debt. *Id.* (Since a noncomplying "corporation's contracts are valid, personal liability for officers and directors cannot be premised on the general rule that an agent who fails to bind his principal binds himself. Since the agent in this situation does bind his principal, he does not bind himself."); *see also Cargill, Inc. v. Am. Pork Prods., Inc.*, 415 F.Supp. 876 (D.S.D.1976). This analysis applies to both claims advanced by BDC relating to the Consent Judgment and damages for unpaid rent.[5]

There was a point in October 2002 when Washington Work forfeited its corporate charter in Maryland. After that point, any actions by Mr. Trinh on behalf of the "corporation" might arguably fall under D.C.Code § 29–101.139. *See Georgetown Park Assocs., Inc. v. Foot Traffic, Inc.*, No. 00ca438, slip op. at 3 (D.C.Super.Ct. Oct. 25, 2000) (denying summary judgment because of disputed facts as to whether corporate officers "could be personally liable for obligations incurred while Foot Traffic was dissolved."). However, there is no alleged action by Mr. Trinh in or after October 2002; his last alleged act was to sign the Consent Judgment in September 2002, at a time when Washington Work's corporate existence was not in doubt. Under the authority of *Tasker*, § 29–101.139 does not make Mr. Trinh liable for Washington Work's corporate debt.

The motion to dismiss is **GRANTED** and the Complaint is dismissed with prejudice. A separate Order accompanies this Memorandum Opinion.

### ORDER

For the reasons stated in the Memorandum Opinion separately and contemporaneously issued this 8th day of March, 2004, it is hereby

**ORDERED** that Defendant's Motion to Dismiss is ,**GRANTED**; and it is

**FURTHER ORDERED** that the Complaint is **DISMISSED** with prejudice.

This is a final appealable Order. *See* FED. R. APP. P. 4(a).

---

**5.** BDC obtained judgment for possession of the premises and thereby terminated the leasehold and any obligation to pay "rent." *Ostrow v. Smulkin,* 249 A.2d 520, 521 (D.C. 1969). Its claim for damages arising from the breach of the lease is not therefore resting on any obligation for Washington Work to pay "rent" in any month after September 2001.

*See Lennon v. United States Theatre Corp.,* 920 F.2d 996, 1000 (D.C.Cir.1990) (when a landlord terminates a lease because of tenant default, the landlord "foregoes a right to collect *rent* ... but it does not eliminate an otherwise applicable right to *damages* ....") (citation omitted) (emphasis in original).